SHAFFER *against* SUTTON.

Pittsburg,
Saturday,
Sept. 19.

IN ERROR.

A lease for nine months, or any time certain less than a year, is a lease *for one or more years* within the landlord and tenant law; "payment of taxes and daubing and chinking a certain house," it is a *certain rent* within that law.

THIS was a writ of error to the Common Pleas of *Somerset* county, in a proceeding between landlord and tenant, removed thither by *certiorari*, and the judgment in favour of the landlord, the defendant in error, affirmed.

There were nine exceptions taken to the proceedings, by the plaintiff in error, only one of which is material: " That " it appeared from the face of the proceedings, that the lease " alleged in *Sutton's* bill of complaint, was not a term *for one* " or more years, or at will, rendering a certain rent, in which " cases alone the justices could have jurisdiction, and that " therefore the proceedings were *coram non judice*." The lease was of a messuage &c. from the 10th of *August* 1803 to the 1st of *April* 1804, paying the taxes of the last year, and *chinking and daubing the house.*

The act of the 21st of *March* 1772, 1 *Smith's Laws* 370, upon which the proceeding was founded, gives authority for it, " where any person or persons, having leased or demised

"any lands or tenements to any person or persons for a term "of one or more years, or at will, paying certain rents, shall "be desirous upon the determination of the lease, to have "again or repossess his or her estate so demised."

*S. Riddle* for the plaintiff in error.

*Forward* for the defendant in error.

TILGHMAN C. J. There were a variety of exceptions to the record in this case, most of which were overruled during the argument, being too plain to admit of much discussion. [The Chief Justice then stated and answered the immaterial exceptions.]

The sixth exception is the only one which requires consideration. The act of assembly speaks of leases for a *term of years*, in some parts, and in others, leases for a term of *one or more years.* The recital in the twelfth section of the landlord and tenant law under which the process issued, is, "whereas it "frequently happens that lessees or tenants *for years*, or at "will, hold over &c." In the enacting part of this section it is said, that " where any person having demised lands or tene-"ments, to any other persons for a term of *one or more* "*years*, or at will &c." And in a subsequent part of the same section, speaking of the facts necessary to be found by the jury, it is said, " where it shall appear to them, that the "lessor had demised the lands or tenements *for a term of* "*years* or at will &c." From all this it is manifest, that when the law speaks of a *term for years*, and a term *for one or more years*, the same thing is intended. Now if we consider the spirit of the law, and the mischief intended to be remedied, we can have no doubt that the remedy was meant to be applied to leases for less than a year. The mischief was, that tenants unjustly held possession after the expiration of their leases, and demand of possession by the landlord. The injury to the landlord was full as great, if possession was withheld after the expiration of a lease for nine months, as after the expiration of one for a year. And we shall find, that supposing the legislature to have intended to include leases for less than a year, the expressions which they have made use of are sufficient for their purpose, according to their

1812.

SHAFFER
v.
SUTTON.

known legal acceptance. In 2 *Bl. Com.* 140, it is said, that " if the lease be but for half a year, or a quarter, or any less " time, the lessee is respected as *a tenant for years*, and is " styled so in some legal proceedings." In the same book p. 143, " Every estate which must expire at a period certain " and prefixed by whatever words created, is an estate for " years." I shall only add on this point, the decision on the statute of *Gloucester* (6 *Edw.* 1. *c.* 5). This is a *penal* statute, by which it is enacted that a writ of waste shall lie against him who holdeth *for term of years*, and if he is convicted of the waste, he shall forfeit the thing that is wasted, and *recompense thrice so much as the waste shall be taxed at.* This extends to leases for half a year, a quarter of a year, &c. *Co. Lit.* 52, 53, 54. There was one more point made by the plaintiff in error though not much insisted on. The act of assembly speaks of a lease for one or more years, or at will, *paying certain rents.* In this case, the rent was *payment of taxes, and daubing and chinking a house of certain dimensions.* This, it is said, is not a lease within the act. But I cannot see the force of the objection. There was certainty in the rent, the taxes could be exactly ascertained, and the work to be done on the house was accurately described. On the whole, I am of opinion that the plaintiff in error has not supported any of his exceptions, and therefore the judgment should be affirmed.

YEATES J. Five of the exceptions taken by the counsel for the plaintiff in error have been readily disposed of by the Court, during the argument. They were not warranted by the record.

It remains for the Court to consider the sixth error which has been assigned, which asserts that the justices had no cognisance of the particular case. The objection is founded on the lease of the premises from the 10th of *August* 1803, to the 1st of *April* 1804, a period of seven months and three weeks, under the conditions of chinking and daubing the house, and paying the taxes of the last year. It is said, that this lease is not such a one as is enumerated in the act of 21st *March* 1772, not being for *one or more years*, or at will, and that the rent is not *certain.* The last observation is susceptible of a ready answer. There could be no difficulty in

·the jurors, as to assessing the damages for not chinking and daubing a house of known dimensions; and the last year's taxes could be readily ascertained by a reference to the books of assessment. The object of the law appears fully in the preamble, to have been to give a summary remedy to landlords against their tenants *for years* or *at will*, who unjustly refused to deliver up the tenements to their landlords on the determination of their leases; and the enacting section, speaking of the proof to be made to the justices and freeholders, states that if it shall appear to them that the lessor had demised the premises for a *term of years* or *at will*, &c. A critical reliance on the words of the first part of the section has been insisted upon; " where any person or " persons in this province, having leased or demised any " lands or tenements to any person or persons for a term " of *one or more years* or at will, paying certain rents &c." It has been urged that mentioning *one year* excludes the idea of a lesser term. But the whole of this *remedial* act must be taken together; and no possible reason can be assigned for a distinction as to a term of one year, or half a year, that in the latter instance the landlord should be put to his ejectment on his tenant's holding over, and not in the former. In the latter case the reason for giving a summary remedy would seem to be the strongest. It is clearly within the spirit of the law, and in a legal sense it is within the words. Leases for years are generally contradistinguished from leases for lives, and may comprehend a period of time less than one year. If a lease be but for half a year, or a quarter, or any less time, the lessee is reputed as a tenant for years, and is styled so in some legal proceedings, a year being the shortest time of which the law will in this instance take notice. 2 *Bl. Com.* 143., *Litt. s.* 67.

For these reasons, I am of opinion that there is no weight in the sixth error which has been assigned, and that the judgment of the Court of Common Pleas of *Somerset* county be affirmed.

BRACKENRIDGE J. concurred.

Judgment affirmed.