[PHILADELPHIA, FEBRUARY 16TH, 1839.]

## PHILLIPS *against* MONGES.

1. In replevin the defendant avowed for three quarters' rent, due on the 15th of August, 1833.   The plaintiff produced on the trial a check drawn by his son, payable to the defendant, or order, dated the 15th of February, 1833, for a sum equal to one quarter's rent, and claimed the benefit of a presumption that the preceding quarter's rent was paid: The judge left the fact to the jury, with a direction, that if the check was a payment of the quarter's rent due at its date, the plaintiff was entitled to the benefit of the presumption: The jury found for the avowant, and the Court refused to disturb the verdict.

2. In replevin, evidence that the premises were untenantable, for want of proper and necessary repairs, and that the landlord had promised to have the premises put in proper order, but failed to do so, is not admissible by way of set-off, unless such promise to repair formed part of the consideration for the rent in the lease or original contract.

3. Where a tenant remains in possession of the demised premises after the expiration of the term, without any new agreement, the presumption of law is, that he holds the premises subject to all such covenants contained in the original lease, as are applicable to his present situation.

THIS was an action of replevin, brought by Zalegman Phillips, Esq., against Aristides Monges and John Topham, for taking the goods of the plaintiff.

The defendant Monges avowed for rent arrere, amounting to $337 50, being three quarters' rent of the premises due on the 15th of August, 1833.    The plaintiff replied, " no rent arrere."

On the trial, before ROGERS, J., at a Court of Nisi Prius, in Philadelphia, the avowant gave in evidence a lease for three years, commencing on the 15th of February, 1830, and alleged, that the

(Phillips *v.* Monges.)

tenancy continued after the expiration of the lease, and that three quarters' rent was due on the 15th of August, 1833.

The plaintiff proved that a sum equal to one quarter's rent was paid to the avowant by a check in his favour, and to his order, dated February 15th, 1833, and contended, that this raised a presumption of the payment of the quarter's rent due on the 15th of November, 1832. He also contended that there was no proof of any demise or agreement for rent from the expiration of the lease, that is, from the 15th of February, 1833, to the 15th of August, 1833, although the use and occupation were admitted. The plaintiff also offered to prove, that the house was wholly untenantable, for want of repair, and that the defendant, in violation of his contract, and repeated promises to have the necessary repairs done, neglected and refused so to do. This testimony was overruled by the judge, and a verdict was given for the defendant.

The jury found for the defendant, and the plaintiff moved for a new trial, and filed the following reasons.

" 1st. Because the verdict is against evidence, inasmuch as the last quarter's rent due on the lease was paid, and the verdict was for a prior quarter, without there being any evidence on the part of the avowant to rebut the presumption of payment, arising from the last quarter having been paid.

2nd. Because the judge rejected the evidence offered to prove that the premises were wholly untenantable and remained so, in violation of the landlord's contract to keep them in tenantable repair, and his repeated promises so to do.

3d. Because there was no proof of any demise from and after the 15th of February, 1833.

4th. Because the verdict was for four hundred and twenty-eight dollars and sixty-two cents, being an excess of nearly one hundred dollars more than was claimed."

Mr. *C. Ingersoll,* for the plaintiff, cited *Brewer* v. *Knapp,* (1 *Pickering,* 332.)  *Diller* v. *Roberts,* (13 *Serg. & Rawle,* 63.)

Mr. *Oakford,* for the avowant, cited *Peterson* v. *Haight,* (3 *Wharton's Rep.* 150.)

The opinion of the Court was delivered by

Rogers, J.—This was an action of replevin, for taking the goods of the plaintiff. The defendant admitted the taking, and avowed for rent in arrear. The avowry stated a demise, and that three quarters' rent, amounting to three hundred and thirty-seven dollars and

(Phillips *v.* Monges.)

fifty cents, was in arrear, and due, on the 15th August, 1833.   The plaintiff replied no rent in arrear.   The avowant gave in evidence a lease for three years from the 15th of February, 1830, which expired on the. 15th of February, 1833.   It was also in evidence, that the plaintiff remained in possession of the premises, after the the expiration of the written lease.   The avowant claimed for three quarters' rent, which remained due on the 15th of August, 1833.   There was no admission, that the quarter's rent due on the the 15th of February, 1833, was paid, although it was conceded, that there were payments made on account.

The plaintiff gave in evidence a check, of which the following is a copy.

'Philadelphia, Feb. 15, 1833.

Girard Bank

          Pay to W. A. Monges, or order, one hundred and twelve 50-100 dollars.

  ⸰    ⸰          Henry M. Phillips.'

$112 50.

Henry M. Phillips was the son of the plaintiff, and it was admitted that the money was paid on account of the rent.   It was insisted, that this was a payment of the quarter's rent, owing the 15th of February, 1833, but the avowant contended that it was a payment on account, and that one quarter's rent on the written lease remained unpaid.   The Court left the facts to the jury, with a direction, that if the check was a payment of the quarter's rent due at that time, he was entitled to the benefit of the presumption of law, that the preceding quarter's rent had been paid.   The jury found adversely to the plaintiff, and we do not perceive any reason to disturb their verdict.   If the plaintiff paid the rent, it was in his power to show it by a receipt, or other testimony, without relying upon the inconclusive fact, that the check was dated on the day of the expiration of the lease.

The second reason for a new trial is the rejection of the offer to prove that the premises were wholly untenantable, for want of proper and necessary repairs, and that the landlord repeatedly promised to have the premises put in order, and wholly failed to do so.   He claims to set off against the rent, so much as he was damnified by the failure of the landlord to perform his part of the contract.

There is no principle better settled, than that in replevin, no set-off is allowable.   But it is said, that it is evidence, under the authority of *Fairman* v. *Fluck,* (5 *Watts,* 517.)   That case decides, that there is nothing to prevent the tenant from availing himself of any thing in bar to the avowry for rent in arrear, which goes to show that the rent claimed by the avowant, or any portion of it, is not due ;  for that is the ground of the distress.   And *if in the lease* certain things are stipulated by the landlord to be done, on his part, which *form the*

(Phillips *v.* Monges.)

*consideration for the rent* to be paid by the tenant, and the landlord neglects or refuses to fulfil his covenant, such breach of contract may take away his right to receive rent, or so much of it as is equivalent to the loss sustained by the tenant. But here, the promise to repair, formed no part of the consideration for the rent in the written lease. It is not averred that it formed any part of the original contract, but from what appears, it was a distinct and independent agreement, and, so far as is shown, without any consideration whatever. For these reasons, the evidence was properly rejected.

The written lease expired on the 15th of February, 1833, and the landlord distrained for three quarters' rent, viz. for one quarter, due on the written lease, and two quarters, as a tenancy from year to year.

When a landlord suffers the tenant to remain in possession, after the expiration of the tenancy, and receives rent from him, a new tenancy from year to year is established. And if no new agreement be entered into, the law will presume, in the silence of the parties, that the tenant holds the premises, subject to all such covenants contained in the original lease, as apply to his present situation. *Bishop* v. *Howard*, (2 *B. & C.* 100.) *Roe on dem. of Jordan* v. *Ward*, (1 *H. Bl.* 99.) *Dillon* v. *Roberts*, (13 *Serg. & Rawle*, 63.) Although payment of the rent is evidence of a tenancy, yet it is not the only evidence. It was not disputed at the trial, that the plaintiff remained in possession of the premises, and that the relation of landlord and tenant existed between the parties.

The excess of nearly one hundred dollars was given by the jury as interest. In this there was no error.

Judgment on the verdict.