# Hollis *versus* Burns.

1. A letting by parol for a sum certain per month, without anything being said about a year, constitutes a lease from month to month and not a lease from year to year.

2. Where tenant from month to month holds over for more than a year, he does not become a tenant from year to year, but remains a tenant from month to month.

3. Where such tenant leaves the demised premises after he has been in possession thereof more than a year, he is not liable to the landlord for the rent accruing from the time of his vacating the premises until the expiration of the second year from the time of the original letting.

4. *Semble*, that a tenant from month to month is not entitled to three months' notice to quit. A month's notice to quit is sufficient.

March 27th 1882. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

ERROR to the Court of Common Pleas No. 1, of *Philadelphia county :* Of January Term 1881, No. 91.

Assumpsit, by Eleanor A. Richards, Trustee, under the will of William H. Richards, deceased, against E. A. Burns, to recover for the use and occupation of premises, No. 225 North Thirteenth Street, Philadelphia, for a period of four months.

On the trial, before BIDDLE, J., the facts appeared to be as follows :—On September 6th 1877, defendant called at the office of the agent having charge of the premises and expressed her desire to lease the same. The agent told her she might have the house for $600 a year payable monthly in advance. She then paid $50, was given the key, and took possession. The agent testified that it was understood between defendant and himself that she was to sign a lease which he was to prepare for her, and that he afterwards sent a lease to her to be executed, which was returned by her unsigned. The defendant denied that she had ever agreed to sign a lease.

Defendant continued in possession of the premises paying the rent in advance at the rate of $50 per month. On September 4th 1878 defendant sent the agent in charge of the house the following letter :

"DEAR SIR:—Will you please send per bearer your decision concerning the reduction of the rent of 225 North Thirteenth Street. My idea is $450 per year. I cannot wait longer than to-morrow for a positive answer.

"Yours, respectfully,
"E. A. BURNS."

[Hollis v. Burns.]

The agent replied that he was not prepared to do anything.

On May 5th 1879 defendant quitted the house, and notwithstanding the protest of the agent's clerk left the keys at his office. The agent at once notified defendant that he would hold her liable for the rent for four months, viz., May, June, July and August, up to September 6th 1879, which rent remained unpaid. Said rent not being paid on October 4th 1879, the present action was brought.

The court charged the jury as follows: "If it was a letting for fifty dollars per month, without anything being said about a year, then the plaintiff cannot recover the amount here claimed."

Verdict and judgment for defendant. Plaintiff thereupon took this writ, assigning for error the charge of the court as above.

*Wm. Righter Fisher*, for plaintiff in error.—"If there was a letting for fifty dollars per month, without anything having been said about a year," the letting was for an indefinite time, i. e., without an express limitation as to time, which is such a letting as the law construes to create a tenancy from year to year: Lesley *v.* Randolph, 4 Rawle 123; Moore *v.* Miller, 8 Barr 272; Clark *v.* Smith, 1 Casey 137; Thomas *v.* Wright, 9 S. & R. 87; Squires *v.* Huff, 3 A. K. Marshal 17; Ridgely *v.* Stillwell, 25 Mo. 570; Richardson *v.* Gifford, 1 Ad. & Ell. 52; Strong *v.* Crosby, 21 Conn. 398; Schuyler *v.* Leggett, 2 Cowen 661.

If the original letting for fifty dollars per month, without anything having been said about a year, did not, per se, under the circumstances of this case as gathered from the defendant's testimony, create a tenancy from year to year from the very inception of the contract, but merely a tenancy for the definite term of one month, the lessee, nevertheless, became a tenant from year to year the moment a new month was entered upon and the holding over was ratified by the landlord, and, à fortiori, did she become a tenant from year to year by holding over after the expiration of the first year of the tenancy, and the ratification of that holding over for the second year by the landlord: Hemphill *v.* Flynn, 2 Barr 144; Phillips *v.* Monges, 4 Whart. 225; Marseilles *v.* Kerr, 6 Whart. 501: Grant *v.* Gill, 2 Whart. 42; Laguerenne *v.* Dougherty, 11 Casey 45; Diller *v.* Roberts, 13 S. & R. 63; Russell *v.* Fabyan, 34 N. H. 218; Schaffer *v.* Sutton, 5 Binn. 228.

It was for the jury to decide from all the evidence what the nature of the tenancy was. It was error to confine their

[Hollis *v.* Burns.]

attention solely to what took place at the first interview: Moore *v.* Miller, 8 Barr, 272.

*Wm. H. Browne* for defendant in error.—This action in its present form cannot be sustained, the counts in the declaration being for use and occupation only, while the entire evidence showed the defendant had neither the use nor the occupation of the premises during any portion of the four months for which time the claim in suit is solely made.

It is evident that the second year's tenancy was a mere tenancy at will and not a continuance of the terms of the preceding year.

"If a tenant, whose lease has expired is permitted to continue in possession, pending a treaty for a further lease, he is not a tenant from year to year, but so strictly at will, that he may be turned out of possession without notice." Jackson *v.* Moncrief, 5 Wend. 26; Dubuque *v.* Miller, 11 Iowa 583.

"A strict tenancy at will may be determined by either party at any time." Taylor's Landlord & Tenant, 47.

Defendant evidently understood the letting to be from month to month, and the jury has taken the same view. Such is the view of the law in a case like the present: Taylor's Landlord & Tenant, § 57.

Mr. Justice MERCUR delivered the opinion of the court October 2d 1882.

The plaintiff declared in assumpsit on an implied contract for use and occupation of a certain dwelling-house. The defendant had rented the house and occupied it for twenty months. Then she withdrew therefrom, notified the plaintiff, paid the rent up to that time, and tendered the key, which the plaintiff retained in such a manner as not to release her from liability for the unexpired portion of the year in case she was legally chargeable therefor.

The plaintiff claims she was a tenant from year to year, and seeks to recover rent for four months after she left the house. The defendant alleges she rented by the month and was not liable beyond the months of her occupancy. The letting was by parol and the evidence as to its terms, was conflicting. The learned judge charged the jury, "if it was a letting for fifty dollars per month, without anything being said about a year, then the plaintiff cannot recover the amount here claimed."

The only specification of error is to this charge. The plaintiff claims whether the original lease was by the year or by the month, inasmuch as the defendant held over beyond a year she can be required to pay for the whole of the second year, although she did not occupy the premises during any part of the last four months. Had the lease been by the year the

[Hollis *v.* Burns.]

tenant might be so liable : Diller *v.* Roberts, 13 S. & R. 60 ; Phillips *v.* Monges, 4 Whar. 226 ; Hemphill *v.* Flynn, 2 Barr 144. All these were cases where the letting was by the year. They recognize a sound principle. When a landlord has let specific property by the year it would be manifestly unjust to compel him, against his will, to assent to a renewal for such shorter term as the will or caprice of his tenant might dictate.

If the lessee enters as a tenant by the year, and holds over it is optional with the landlord, either to treat him as a tenant from year to year, or as a trespasser : Hemphill *v.* Flynn, supra.

It is true for some purposes the lessee for any certain time less than a year is recognized as a tenant for years : 2 Bl. Com. 140 ; Shaffer *v.* Sutton, 5 Binn. 228.

When, however, we are dealing with the question of an implied renewal of a tenancy, all the terms of the former lease must be considered. The purpose is not to make a new lease essentially different ; but to continue the former so far as its terms may be applicable. In its very nature the implied renewal of a lease assumes a continuation of its characteristic features. Hence if a landlord elect to treat one holding over as a tenant, he thereby affirms the form of tenancy under which the tenant previously held. If that was a tenancy by the month it will presumptively so continue. The landlord cannot impose a longer term ; nor one radically different from the former.

In case a tenant by the month holds over, it will not be claimed that he is entitled to three months' notice to quit. If the tenancy be by the month, a month's notice to quit is sufficient. Taylor's Land. & Tenant, § 57.

The jury has found the letting was by the month only. The tenant then had a right to leave when he did, and was not legally chargeable for use and occupation thereafter.

Judgment affirmed.