# Vogel v. Frumberg.

In a lease from month to month, the tenant holding over, holds under the terms of his lease as tenant from month to month and not as tenant at will, or from year to year, and as the lease would expire or the term end at the end of each month, it would be impossible to give such a tenant notice to quit at the end of his term, three months prior thereto, and, of course, such tenant cannot be proceeded against under the provisions of the Act of December 14, 1863, P. L. (1864) 1125.

The notice served upon a tenant requiring him to quit and surrender possession must state that he is required to quit at the end of his term and in a proceeding to obtain possession that fact must appear of record.

The Court will set aside proceedings before a Justice where the Justice is a relative to either party.

LANDLORD AND TENANT—NOTICE TO QUIT—RELATIONSHIP OF
EITHER PARTY TO THE JUSTICE.

No. 65, Feb. Term, 1902, C. P. Sullivan County.

Certiorari.

A. Walsh, Esq., and William Maxwell, Esq., for defendant in error.

A. J. Bradley, Esq., and E. J. Mullen, Esq., for plaintiff in error.

Opinion by DUNHAM, P. J., March 18, 1902.

This is a certiorari to John H. Lawrence, Esq., a Justice of the Peace in the Borough of Dushore, to remove the proceedings had before him in the case of Julius Vogel v. Simon Frumberg. From the record of the Justice and the papers sent up by him, we learn the following facts in regard to this case:

On Jan. 9, 1902, Julius Vogel appears before the said Justice and files a written complaint, under oath, in which he al-

leges: "That he was the owner of a certain lot, piece or parcel of land, situated in the Village of Mildred, Township of Cherry, Sullivan county and State of Pennsylvania" (here follows a description of the land), "and, being in lawful and peaceable possession of the same, did, on July 1, 1898, demise the said premises to Simon Frumberg for the term of one month, at a rental of $8, which said term is fully ended; that the complainant being desirous to have again and repossess himself of said property, did, on September 24, 1901, last past, notify and require the said Simon Frumberg to quit and surrender possession of the same, but that the said Simon Frumberg hath heretofore refused and still refuses to comply with the said notice; that three months having elapsed since the service of said notice, the said Julius Vogel makes this his complaint, to the end that such proceedings may be taken by you herein as are directed by the Act of Assembly in such case made and provided." On the same date, Jan. 9, 1902, the Justice issues a summons embodying the complaint above set out, and requiring the constable to summon Simon Frumberg to appear before the Justice on Jan. 16, 1902, between the hours of 9 and 10 a. m. This hearing was adjourned until Jan. 20, 1902, at which time counsel for the defendant objected "to the jurisdiction of the Justice to try this case in the present form of action. The information and warrant, showing that the term for which the premises were demised had fully ended before the notice to surrender premises was given, and the Act of Dec. 14, 1863, P. L. (1864) 1125, gives jurisdiction to a single Justice only in cases where the notice has been given three months before the end of the term of the lease." This objection was dismissed or overruled by the Justice and the cause continued regularly by adjournment until Jan. 30, 1902, at which time the parties appeared and a trial was had, resulting in the following judgment rendered by the Justice Feb. 1, to which time the final disposition of the case was adjourned, viz: "And now, Feb. 1, 1902, 10 o'clock a. m., I find from the evidence that the said Julius Vogel, on July 1, 1898, was quietly and peaceably possessed of" (here follows a descrip-

tion of the premises). "And being thereof so possessed, on the same day and year last aforesaid, did demise the said premises by parol agreement to the said Simon Frumberg for the term of one month then next ensuing, at the monthly rental of $8. And that the said Simon Frumberg, by virtue of the said demise, entered into possession of the said demised premises, and held the same during the said term and still is possessed of the same and that the said term for which the premises were demised is fully ended; and that the said Julius Vogel, being desirous, upon the determination of the said term, to have again and repossess the said premises for that purpose, did, on Sept. 24, 1901, demand and require of the said Simon Frumberg to remove from and leave the same, and the said Simon Frumberg has hitherto refused and still does refuse, to comply with the said demand and 'restitution' to remove from and leave the said premises. And our said Justice did therefore enter judgment against the said tenant that he forthwith give up possession of the premises to the said lessor, and that the said lessor shall and do recover and have of the said lessee or tenant the sum of $7.63 for his reasonable costs by him expended in and about this suit in this behalf, concerning which the premises aforesaid our said Justice doth make record."

We have set out in full in this opinion the complaint made by Julius Vogel, upon which the Justice issued his summons, or upon which the proceedings are founded, and also the findings of the Justice, so there can be no trouble or question about the facts being easily brought before the Appellate Court should either party desire to take the case there.

There can be no doubt that these proceedings are instituted under the provisions of the Act of Assembly of Dec. 14, 1863, as this is the only Act we are able to find authorizing a single Justice to take cognizance of proceedings of this kind. It is, therefore, to this Act we must look for authority, and the record must show that the Justice had jurisdiction in the premises. In other words, the record sent up by the Justice must show that,

Vogel v. Frumberg.

under the Act of Dec. 14, 1863, the facts set forth in the plaintiff's complaint and found by the Justice were such as to give the Justice jurisdiction of the case, and if the record fails to show this, then the proceedings must be set aside.

Let us then carefully examine the provisions of the Act of 1863, and see if they apply to the facts as set forth in the complaint and as found by the Justice in this case.

The Act of 1863 provides: "That when any person or persons in this State, having leased or demised any lands or tenements to any person or persons for a term of one or more years or at will, shall be desirous upon the termination of said lease, to have again and repossess such demised premises, having given three months' notice of such intention to his lessee or tenant," etc.

It will be seen from the foregoing that, in order to give jurisdiction under this Act, the lease must have been for a term of one or more years or at will, and that the landlord, who desired to avail himself of the provisions of the Act, must, at least three months before the end of the term for which the property was leased, give notice to his tenant or lessee that he desired to terminate the lease and to again repossess himself of the premises "at the termination of the lease." True, if the lease was for one year and the tenant held over, he would be entitled to occupy it for another full year under the terms of his lease, so far as the same were applicable, and the lessor might, at least three months before the end of that or any succeeding year, give notice to his tenant that he desired to have again and repossess such demised premises at the end of the term; and then, after the end of the term, he might proceed under this Act of 1863. See Phoenixville Borough v. Walters, 29 W. N. C. 483. But the notice must be to quit at the end of the term and at no other time.

As the lease in this case is for one month, if the tenant held over, he would hold under the terms of his lease so far as the same were applicable, and would be only a tenant from

Vogel v. Frumberg.

month to month (See Hollis v. Burns, 100 Pa. 206) and not a tenant at will, or from year to year, and as the lease would expire or the term end at the end of each month, it would be impossible to give such a tenant notice to quit at the end of his term three months prior thereto, and, of course, such a tenant could not be proceeded against under the provisions of the Act of 1863.

The terms of the Act require, as we before said, that the notice to quit must be to quit at the end of the term and at no other time (Borough v. Walters et al., supra) ; and this must be served at least three months prior to the end of the term: Rich v. Keyser, 54 Pa. 86; Duffy v. Ogden, 64 Pa. 240; Dumn v. Rothermel, 112 Pa. 272.

In the present case, the complaint and the findings of the Justice show that the notice was given the tenant on Sept. 24, 1901, to quit and surrender possession; but when the notice required him to quit and surrender possession, and whether it was at the end of the term, nowhere appears in the record. This is necessary to be shown in the record, and it must be shown to have been at the end of the term. It follows necessarily from the foregoing that the Justice had no jurisdiction in this case, as it was not one to be heard under the Act of Dec. 14, 1863, and was not triable before a single Justice, and therefore, the whole proceedings must be set aside. As this case must be reversed and set aside because the Justice had no jurisdiction in the premises, it is hardly necessary to discuss the second exception, viz: that the Justice was related by marriage to the plaintiff. For if the Justice had no jurisdiction, the fact that he was a relative to one of the parties would not add to his want of jurisdiction. We, however, take this occasion to say that, recently, the courts have been setting aside the proceedings before Justices where the Justice is a relative to either party. This has been carried so far as to set aside the proceedings where the Justice was cousin to one of the parties. This is right, too. Courts ought to see to it that the decisions of all Courts, Magis-

m

*Vogel v. Frumberg.*

trates and Courts of record are above suspicion of bias. It brings the decisions of Justices into disrepute if they act in cases where they are either in any way interested or related to either of the parties. No Judge would think of hearing a case where he was in any way related to either of the parties to the suit. And there is as much reason for a Justice to be particular in this respect as for a Judge. We do not say that where a party, by himself or his attorney, knows of the fact that the Justice is related to the other party to the suit, and goes on to trial without objection, thereby taking his chances of obtaining a decision, we would set aside the proceeding. But where the Justice is related to either party, at least unless it be very remotely related, we will not allow the proceedings to stand unless the party has in some way waived the right to challenge or object to them.

Now, March 18, 1902, upon due and careful consideration, the judgment of the Justice is reversed, and the proceedings before him set aside.

Reported by Thomson & Heess, Esqs.,
Dushore, Pa.