## Davidson et ux. v. Ewing

*Charles P. Pearson*, for plaintiffs.

*Joseph Schutzman*, for defendant.

MARSHALL, J., August 13, 1947.—Plaintiffs, Jack Davidson and Alice M. Davidson, entered these proceedings in an action of ejectment against Mary Ewing, to show cause why defendant should not be

evicted from the premises, known as Apartment No. 10, 1010 Western Avenue, N. S., Pittsburgh, Pa., which defendant holds under an oral lease, from week to week.

On June 25, 1946, the Office of Price Administration, Pittsburgh Rent Division, after conferences with both plaintiffs and defendant, advised defendant by written letter that the landlord would be free to proceed with eviction of the tenant if the tenant did not vacate by July 15, 1946.

Plaintiffs aver that defendant, Mary Ewing, despite said notice, has remained in possession of the premises.

On July 16, 1946, tenant was personally served with notice again to vacate from the premises on or before August 16, 1946, giving her an additional 30 days to remove from the premises.

Plaintiffs aver that defendant, despite said second notice, has remained in possession of the premises under said week-to-week lease and renewal, and aver further that the right of possession is in plaintiffs.

Defendant, Mary Ewing, has refused and still refuses to deliver up quiet and peaceable possession of the premises. In addition to the notices mentioned previous, plaintiffs made oral demands of defendant, Mary Ewing, to deliver up the premises and said defendant, Mary Ewing, has refused or failed or otherwise neglected to do so.

After service upon defendant and return thereof by the Sheriff of Allegheny County, defendant entered an appearance and filed an answer, as follows:

"Defendant, reserving unto herself all manner of right to make answer to the merits, does hereby set forth the following legal objections to plaintiffs' rule for ejectment:

"1. The court is without jurisdiction.

"2. Plaintiffs' claim is based on an oral lease, as is set forth in plaintiffs' præcipe for rule.

"3. Proceedings under rule 125 B does not apply to this proceeding for the reason that there is no lease granting a confession of judgment.

"4. Plaintiffs, in any event, have no authority from the OPA to evict.

"Wherefore, defendant, by her attorney, Joseph Schutzman, prays that said rule be dismissed."

Plaintiffs therefore maintain that, as lessees of said premises from the owner and lessor, Samuel Donaldson, and as landlord of defendant, a tenant, under the circumstances above set forth, plaintiffs are entitled to possession of the premises now adversely held and occupied by defendant and, therefore, entitled, under the laws of this Commonwealth, to possession by an action of ejectment, as has been entered in these proceedings.

A landlord in addition to the common-law action of ejectment may proceed under statutory laws of this Commonwealth, the first of which was the Act of March 21, 1806, P. L. 558, 4 Sm. L. 326; the Act of April 13, 1807, P. L. 296, 4 Sm. L. 476, par. 1; the Act of June 13, 1836, P. L. 568; Act of March 8, 1889, P. L. 10; the Act of May 25, 1893, P. L. 131; the Act of May 8, 1901, P. L. 425; the Act of April 23, 1903, P. L. 261, and the Act of June 12, 1919, P. L. 478.

The Act of March 21, 1772, 1 Sm. L. 370, sections 1 to 8, clearly confers jurisdiction upon the courts of common pleas of the various counties of this Commonwealth. The Acts of 1806 and 1807 provided that "the writ of ejectment . . . shall issue in all cases where lands, tenements or hereditaments are claimed, and give remedy as fully and effectually as in ejectments . . . heretofore used". The Act of 1836 provided that actions in ejectment may be commenced "in any court of the county having original jurisdiction wherein the lands or tenements are situated". The Acts of 1889,

1893, 1901, 1903, and 1919 all conferred jurisdiction upon the courts of common pleas of the various counties of this Commonwealth and defined and regulated procedure in actions of ejectment.

As stated by Nicholson in Pennsylvania Law of Real Estate, page 445:

"These remedies (Acts of 1772, Sec. 12, 1863 and 1905), often prove unsatisfactory because of the jurisdictional requirements and the probability of appeal with consequent delay. A landlord may proceed by an *action of ejectment* brought in the court of Common Pleas which is the customary remedy for all persons entitled to the possession of real property." (Italics supplied.)

In the instant case, defendant has not denied possession of the premises in question and in fact has admitted it, and plaintiffs respectfully maintain that this admission, in addition to plaintiffs' declaration in this action of ejectment, fully establishes that, on the face of the record and the pleadings in these proceedings plaintiffs have made out a prima facie case of title in plaintiffs' right of possession and occupancy and the right to enter and prosecute this action of ejectment.

Plaintiffs' declaration in ejectment, in this action, shows that the relation of landlord and tenant exists between plaintiffs and defendants, that plaintiffs have the right to possession of the entire premises in question, the right of occupancy of the land and the buildings or tenements upon the land and defendant's answer, by the assertion of an oral lease, does not deny the existence of the relationship of landlord and tenant and the said answer, by its failure to deny, admits that defendant is occupying a part of the land and tenement in question.

"Where the language used concerning the payment of rent is that it shall be paid monthly and nothing is said as to the duration of the lease the courts have held that such circumstances indicate a lease from month to month."

The above principle of law was clearly defined in Hollis v. Burns, 100 Pa. 206:

"The plaintiff declared in assumpsit on an implied contract for use and occupation of a certain dwelling house. The defendant had rented the house and occupied it for twenty months. Then she withdrew therefrom, notified the plaintiff, paid the rent up to that time, and tendered the key, which the plaintiff retained in such a manner as not to release her from liability for the unexpired portion of the year in case she was legally chargeable therefor.

"The plaintiff claims she was a tenant from year to year, and seeks to recover rent for four months after she left the house. The defendant alleges she rented by the month and was not liable beyond the months of her occupancy. The letting was by parol and the evidence as to its terms was conflicting. The learned judge charged the jury 'if it was a letting for fifty dollars per month, without anything being said about a year, then the plaintiff cannot recover the amount here claimed'.

"The only specification of error is to this charge. Plaintiff claims whether the original lease was by the year or by the month, inasmuch as the defendant held over beyond a year she can be required to pay for the whole of the second year, although she did not occupy the premises during any part of the last four months. Had the lease been by the year the tenant might be so liable: Diller v. Roberts, 13 S. & R. 60; Phillips v. Monges, 4 Whar. 226; Hemphill v. Flynn, 2 Barr 144. All these were cases where the letting

was by the year. They recognize a sound principle. When a landlord has let specific property by the year it would be manifestly unjust to compel him, against his will, to assent to a renewal for such shorter term as the will or caprice of his tenant might dictate. If the lessee enters as a tenant by the year, and holds over it is optional with the landlord, either to treat him as a tenant from year to year, or as a trespasser: Hemphill v. Flynn, supra.

"It is true for some purposes the lessee for any certain time less than a year is recognized as a tenant for years: 2 Bl. Comm. 140; Shaffer v. Sutton, 5 Binn. 228.

"When, however, we are dealing with the question of an implied renewal of a tenancy, all the terms of the former lease must be considered. The purpose is not to make a new lease essentially different; but to continue the former so far as its terms may be applicable. In its very nature the implied renewal of a lease assumes a continuation of its characteristic features. Hence if a landlord elect to treat one holding over as a tenant, he thereby affirms the form of tenancy under which the tenant previously held. If that was a tenancy by the month it will presumptively so continue. The landlord cannot impose a longer term; nor one radically different from the former.

"In case a tenant by the month holds over, it will not be claimed that he is entitled to three months' notice to quit. If the tenancy be by the month, a month's notice to quit is sufficient: Taylors Land & Tenant, §57.

"The jury has found the letting was by the month only. The tenant then had a right to leave when he did, and was not legally chargeable for use and occupation thereafter."

By analogy, applying the principle in Hollis v. Burns, supra, defendant, having an oral lease from

week to week, is entitled to hold said premises from but week to week.

Plaintiffs emphatically deny that their claim is based on an oral lease and, on the contrary, as set forth in their declaration in this action of ejectment, base their title and right to possession of the premises in question on the written lease, Exhibit "A", attached to and made a part of said plaintiffs' declaration, executed between Samuel Donaldson, lessor, and plaintiffs, as lessees, which lease entitles the plaintiffs to the possession and occupancy of the premises in question and plaintiffs further maintain that any title or right to possession that defendant may have rests upon the oral lease, mentioned in the above second objection of this defendant, which oral lease was forfeited and terminated, as hereinbefore set forth.

Plaintiffs further contend that, having the right to possession and occupancy of the premises in question under said written lease between Samuel Donaldson, lessor, and plaintiffs, as lessees, plaintiffs' said lease is within the statute of frauds of 1772 and that the oral lease between plaintiffs, as lessors, and defendant, as lessee, having been breached by said defendant, and the breach of said defendant having worked a forfeiture and termination of the said oral lease, due and legal notice of said forfeiture and termination having been given defendant, defendant is but an intruder and trespasser upon said premises, without any color of title or right to possession, whatsoever.

It is plaintiffs' contention that defendant's second objection above is without legal foundation, and we refer to the decision of the Supreme Court, in Institute of Protestant Deaconnesses of Allegheny County v. Lingenfelser, 296 Pa. 493, where an action of ejectment was instituted under a parol lease.

Defendant's third objection, in its answer, is as follows:

"Proceedings under rule 125 B does not apply to this proceeding for the reason there is no lease granting a confession of judgment."

The reply of plaintiffs to this objection is that plaintiffs' declaration, as served upon defendant, plainly and clearly states that this is an action of ejectment, in which plaintiffs seek possession of premises to which they are entitled under the lease of the said owner, Samuel Donaldson, and held in adverse occupancy by defendant. Plaintiffs' declaration does not contain a confession of judgment and plaintiffs plainly state that they seek possession by judgment in ejectment by virtue of a forfeiture and termination of an oral lease.

The right of plaintiffs to prosecute this action of ejectment is clearly sustained by the court in Boyer v. Smith, 5 Watts 55.

Defendant's fourth objection is as follows:

"4. Plaintiffs, in any event, have no authorization from the OPA to evict."

Paragraph 9 of plaintiffs' declaration in this action of ejectment holds otherwise:

"9. On June 25, 1946, the Office of Price Administration, Pittsburgh Rent Division, after conferences with both plaintiffs and defendant, advised defendant by written letter that the landlord would be free to proceed with eviction of the tenant if the tenant did not vacate by July 15, 1946."

We call attention in this regard to Exhibit "C" attached to and made a part of plaintiffs' declaration in this action of ejectment, same being a letter, written on the official stationery of the Pittsburgh Rent Division of the Office of Price Administration, 1001 Liberty Avenue, Pittsburgh (22), Pa., addressed to Mary Ewing, defendant herein, which reads as follows:

"June 25, 1946.

"Dear Madam:

"An examination of our files indicates that you are living in a furnished room which rents for $6.50 per

week. Since this is a rooming house, we are unable to interfere with the landlord's right to proceed with eviction inasmuch as she has complained to this office that you are a nuisance on the premises, making loud noises and disturbances. However, the landlord is willing to permit you to stay in your present living quarters until July 15, 1946, provided that you pay the rent until that date at the times agreed upon between you and your landlord, and if you do not vacate by July 15, 1946, the landlord will be free to proceed with eviction.

"We do not enter into the merits of a case where the landlord alleges that the tenant is a nuisance on the premises, and in the event that it becomes necessary to proceed in Court to evict you, you may then present your defense at that time.

> "Very truly yours,
> (Sgd.)  A. Oliver
> A. Oliver
> Rent Attorney."

We dismiss the objections of defendants and order, adjudge and decree that judgment be entered for plaintiffs and against defendant.

### Supplemental decree

Now, to wit, August 15, 1947, it appearing that the judgment, entered by this court on August 13, 1947, in the above entitled action in ejectment, through inadvertence, was incomplete.

It is ordered, adjudged, and decreed that the same be, and the same is, hereby amended to read as follows:

That the objections of defendant are dismissed and it is ordered and decreed that judgment be entered for plaintiffs and against defendant for possession of the premises, viz., Apartment No. 10, 1010 Western Avenue, N. S., Pittsburgh, Pa.