## Kenney v. Hambleton & Ezekiel

*John V. Diggins,* for plaintiff.

*Thomas J. Reily,* for defendants.

SWENEY, J., March 8, 1950.—The original term of the lease was from April 1, 1941, to March 31, 1942. The lessees had an option to renew the lease for one year additional, if notice was given 60 days prior to the end of the first term. No such notice was given and the lessees remained in possession.

Defendants' letter of January 29, 1943, was notice of their intention to modify the terms of the lease. However, we believe that the intent of the parties was to continue the original lease in full effect, except that it

was to be a monthly lease, rather than from year to year. The monthly lease, thus created, commenced April 1, 1943, and the lessees continued in possession for 32 months thereafter, paying to the lessor the sum of $45 per month.

On November 30, 1945, the lessor wrote to the lessee that after January 1, 1946, the lease would be reinstated upon a yearly basis with a rental of $75 per month. This letter gave 30 days notice to the lessees of the change in term and rent.

The crucial question is whether a notice of 30 days or a notice of 60 days was required to change the status of the lease as of November 30, 1945. If the 60-day period as dictated by the original lease remained unchanged, the lessor's letter of November 30, 1945, was not effective notice of a change in the terms of the lease.

The general rule applicable here is well stated in 32 Am. Jur., sec. 948, p. 798, where it is said: ". . . the tenancy arising from the tenant's holding over with the consent of the landlord is presumed to be upon the same covenants and terms as the original lease, so far as they are applicable to the new tenancy" (citing, inter alia, Gatti v. Purcell, 30 D. & C. 435; Diller v. Roberts, 13 S. & R. 60).

See also Phillips v. Monges, 4 Whart. 226, 229; Pfingstl. v. Chenot et ux., 165 Pa. Superior Ct. 222, 227.

And in 32 Am. Jur., supra, p. 799, it is said:

"Covenants and terms of the original lease which are inconsistent with the new tenancy will not, however, govern the latter."

It is our opinion that the provision for 60 days' notice of intention to change the terms of the lease is not inconsistent with a tenancy from month to month, and was not affected by the change from yearly to monthly term. In the absence of an express agreement between the parties changing the period of notice required, the original provision remained in force.

Although not raised by the pleadings or briefs there is another matter which should have some attention. The lease provides that both parties may terminate the lease by proper notice, but only the lessor is empowered to change the terms of the lease. As a consequence, the lessees' notice of January 29, 1943, is a termination of the written lease and, from April 1, 1943, on, only an oral lease existed between the parties. We have elected to find that the intention of the parties was otherwise; however, it makes little difference which view is adopted. If the parties were operating under an oral lease and the lessor gives notice that he is changing the terms of that oral lease, there must be an acceptance of such change by the lessees. Clearly, the lessees here did not agree to any such change as is shown by their actions.

Accordingly, in either view, plaintiff's letter of November 30, 1945, was not effective notice of the change of terms to the lessees, and judgment must be opened.