## Hoffman v. Hafner, Appellant.

*Ejectment—Restitution—Judgment—Striking off judgment.*

In an action of ejectment, where the plaintiff during the term in which the writ is issued irregularly takes judgment by default against the defendants for want of a plea and answer, and, upon such judgment, issues an habere facias possessionem and is given possession, the court of common pleas, in striking off the judgment, is bound to award a writ of restitution, where there is nothing on the record to show a sale of the property after possession was awarded.

Argued Jan. 5, 1905. Appeal, No. 94, Jan. T., 1904, by defendant, from order of C. P. No. 5, Phila. Co., June T., 1903, No. 1637, refusing writ of restitution in case of John S. Hoffman v. Frederick J. Hafner et al. Before DEAN, FELL, BROWN, MESTREZAT, POTTER and ELKIN, JJ. Reversed.

Rule to strike off judgment, set aside habere facias possessionem, and for restitution.

RALSTON, J., filed the following opinion:

This was an action of ejectment. The writ issued on June 22, 1903, returnable first Monday of July, 1903. On September 3, 1903, judgment was entered against the defendant, Alphonse Hafner, for want of an answer. The act of March 21, 1806, sec. 12, 4 Sm. L. 326, provides that the defendant in ejectment shall enter his defense before the next term after

that to which the process is returnable. Judgment by default cannot be entered at the first term: Vanderslice v. Garven, 14 S. & R. 263; Young v. Cooper, 6 W. N. C. 43. No statute has changed this rule, consequently the judgment for want of an answer was erroneously entered, and must be stricken off.

The defendant also prays that the writ of habere facias possessionem be set aside, and that a writ of restitution be awarded. The writ has been executed by the sheriff, the plaintiff put in possession and the premises sold to a purchaser. Under these circumstances, restitution will not be awarded upon a mere technicality but to prevent injustice will be refused: Grant v. Rodgers, 6 Phila. 132. The force and effect of the writ may be determined after the trial: Grossman's Appeal, 102 Pa. 137. The defendant's affidavit sets out his defense upon the merits. The allegations are denied in the plaintiff's answer.

Upon consideration of all the circumstances the judgment is stricken off, but the prayer to set aside the habere facias possessionem and award restitution is refused.

*Error assigned* was the order of the court.

*Clinton A. Sowers* and *John Houston Merrill*, with them *Harry S. Ambler, Jr.*, for appellant.—The court below erred in refusing to strike off the habere facias possessionem and award restitution to the defendants: Lehman v. Howley, 95 Pa. 295; Post v. Wallace, 110 Pa. 121; Buchanan v. Banks, 203 Pa. 599; Allen v. Krips, 119 Pa. 1; Breading v. Blocher, 29 Pa. 347; Norris v. Hamilton, 7 Watts, 91.

*John G. Johnson*, for appellee.—We submit that a writ of restitution is not of right. Its award is a matter of sound discretion: Breading v. Blocher, 29 Pa. 347; Ranck v. Becker, 13 S. & R. 41; Fitzalden v. Lee, 2 Dallas, 205; McGee v. Fessler, 1 Pa. 126; Duncan v. Kirkpatrick, 13 S. & R. 292; Grant v. Rodgers, 6 Phila. 132; Grossman's App., 102 Pa. 137; Johnson v. Fullerton, 44 Pa. 466.

OPINION BY MR. JUSTICE POTTER, March 6, 1905:

The only question presented by this appeal is whether or

not in striking off an irregular judgment, the court below erred in refusing to award a writ of restitution. The judgment which was stricken off was admittedly irregular. It seems, however, that very soon after it was entered, a writ of habere facias was issued and possession was given by the sheriff to the plaintiff. The court below in its opinion, states that after the plaintiff had been put in possession, the premises had been sold to a purchaser. But there is nothing upon the record to show this fact, and in his answer to the rule to show cause why the judgment should not be stricken off, the plaintiff avers that he is sole and absolute owner of the premises in question. It is suggested in the argument on behalf of the appellee that evidence of the sale has been lost, and, owing to the death of former counsel in the case, it cannot now be found. But as the refusal to award restitution was based chiefly upon this alleged fact, and as the argument here for the appellee stands upon the same ground, evidence of a sale ought to have appeared upon the record. But in any event, it is apparent from the answer of the plaintiff to the rule, that the sale of the property, if any there was, must have been made after the granting of the rule to show cause why the judgment should not be stricken off and restitution awarded.

"Restitution is always granted on the reversal of a judgment, unless there be something peculiar in the case:" Ranck v. Becker, 13 S. & R. 41. "The court may, after a writ of possession, refuse the writ in special cases, as where the proceedings are reversed on an exception, which has ceased to exist:" McGee v. Fessler, 1 Pa. 126. As where a tenancy has terminated: Ibid. To prevent injustice, restitution will also be awarded conditionally: Ranck v. Becker, supra. But in the present case none of these exceptional matters appear and the record shows nothing which in the exercise of the discretion of the court, should call for a refusal to award restitution. The court below says that, "The defendant's affidavit sets out his defense upon the merits. The allegations are denied in the plaintiff's answer." In Ranck v. Becker, supra, this court has pointed out that it will not do to refuse restitution because of conflicting statements by the parties. To do so would be to involve the court in endless difficulties, and that "to avoid all embarrassment of this kind, the

general rule must be, that on the reversal of a judgment, the plaintiff in error is entitled to restitution."

We are satisfied that as the record of this case stands, it shows no reason for the refusal by the court below of a writ of restitution in favor of the defendant. As we said in Buchanan v. Banks, 203 Pa. 599, not only is there manifest incongruity in proceeding to trial with the ejectment plaintiff in possession, but in the interest of justice the appellants should be restored to the situation in which they stood before they were dispossessed.

The specification of error is sustained, and it is directed that the writ of habere facias possessionem be set aside, and that a writ of restitution be awarded to the defendant.