# Guenther, Appellant, *v*. Gilchrist Improved Jar Company.

*Landlord and tenant—Lease—Ejectment—Rule to open judgment—Holding over.*

Where a judgment has been entered under an ejectment clause in a lease, and the lease contains a covenant on the part of the tenant not to take a rule to open the judgment, a subtenant who is subject to the terms of the lease can make no motion to open the judgment; and a stranger to the record who has no privity of estate with either the tenant or subtenant has no standing to attack the judgment.

To entitle a tenant holding over to claim any rights either as tenant at will or tenant from year to year, the holding over must be continued under such circumstances as to authorize the implication of assent upon the part of the landlord.

Argued Dec. 15, 1904. Appeal, No. 199 Oct. T., 1904, by plaintiff, from order of C. P. No. 2, Phila. Co., Sept. T., 1904, No. 938, making absolute rule to open judgment in case of Emil Guenther v. Gilchrist Improved Jar Company, Incorporated, and G. O. Angell. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Rule to open judgment.

The opinion of the Superior Court states the case.

*Error assigned* was the order of the court.

*James McMullan* and *Samuel Dickson*, with them *Arthur G. Dickson*, for appellant, cited : Hemphill v. Flynn, 2 Pa. 144 ; Williams v. Ladew, 171 Pa. 369 ; Gilbert v. Price, 18 Pa. Superior Ct. 359.

*N. DuBois Miller* with him *Herbert Alan Dawson*, for appellee, cited: Lyons v. Phila. & Reading Ry. Co., 209 Pa. 550 ; Bree v. Lees, 2 Wm. Bl. 1171.

OPINION BY ORLADY, J., July 13, 1905 :

The lease of Isaac Mattson, by his agent, Felix Isman, to the Gilchrist Improved Jar Company, Inc., was for two years from September 1, 1902, for the yearly rent or sum of $420 . . . . and specifically provided that " The lessee shall and will not assign this lease or underlet the premises or any part thereof, nor make, nor allow to be made, any alterations, improvements or additions thereto, without first having the consent in writing of the lessor, and after such consent having been given, unless otherwise' agreed upon in writing, all alterations, improvements and additions made by the lessee at his own expense, upon the premises, shall, at the option of the lessor, remain upon the premises at the expiration or sooner determination of this lease, and become the property of this lessor, or at the option of the lessor, the said lessee shall restore the

said premises to the same good order and condition as the same now are. . . . In the event of such determination or of the failure of the lessee to remove from the premises at the expiration of the said term or any renewal thereof, any attorney may immediately thereafter, as attorney for the lessee, at the request of the lessor, sign an agreement for entering in any competent court an amicable action and judgment in ejectment, without any stay of execution or appeal against the lessee and all persons claiming under him for recovery by the lessor of possession of the hereby demised premises, without any liability on the part of the said attorney, for which a true copy of this lease shall be a sufficient warrant, and thereupon a writ of habere facias possessionem may issue forthwith without any prior writ or proceedings whatsoever for the recovery of possession of the premises. The lessee hereby releases to the lessor all errors and defects of any kind whatsoever, in entering such action as herein provided, or judgment of any proceedings therein or concerning the same, and hereby agrees that no writ of error, objection or exception shall be made or taken thereto, all of which proceedings shall be without the right of the lessee to have an appeal, certiorari, writ of error, objection, motion or rule to open judgment or to set aside execution and with a release to the plaintiff, prothonotary and sheriff of all error in said proceedings. . . . It being mutually agreed that the premises are demised under and subject to the aforesaid covenants and agreements, and they are to be regarded as strict legal conditions between the lessor and the lessee for themselves, their respective heirs, executors, administrators, assigns or successors."

On January 28, 1903, the leased premises were sublet to Geo. W. Angell for the term of six months from January 1, 1903, with the written consent of the lessor, and in the sublease all the provisions of the original were incorporated and the following provision : " It is understood and agreed that the lessee accepts the demised premises with the full knowledge that he is a sub-tenant under a certain lease now in force between Felix Isman, agent for Isaac Mattson and the Gilchrist Improved Jar Company, Incorporated," was added thereto. The sublease was renewed from time to time so that it became coextensive in term with the original lease.

On May 23, 1904, a notice to quit and surrender possession on September 1, 1904, was given in accordance with the terms of the lease by the owner to the tenant, who, on May 31, acknowledged service thereof, and gave notice to the landlord that the Gilchrist Improved Jar Company, Incorporated, would vacate the premises on or before September 1, 1904, and in turn gave notice to Angell, the subtenant, that his lease would terminate on September 1, 1904.

The plaintiff herein, Guenther, purchased the premises on July 11, 1904, and received as a part of his title an assignment of the lease and sublease.   By the lease and the testimony, the term of the Gilchrist Improved Jar Company, Incorporated, and of Angell, the subtenant, terminated on September 1, 1904, and in exact accordance with the terms of the lease the amicable action in this case was begun and a judgment regularly entered therein, followed by the writ of habere facias possessionem on September 24, 1904.   On October 5, 1904, Angell presented his petition for a rule to show cause why the judgment should not be opened, and for a stay of the proceedings, and at the same time one William Gibbs Bain presented his petition for leave to intervene as a party defendant.   After a hearing on petitions and testimony the rule was made absolute and a writ of restitution awarded.

The appellee concedes that the real question involved is whether the evidence in the record is sufficient to justify the court below in deciding that a new tenancy was created after the expiration of a lease, etc.   Angell was bound by the terms of the lease under which he was in possession of the premises, and cannot be heard to dispute the title of his landlord.   He and the original tenant had agreed with the landlord that in the event of an amicable action in ejectment being entered and judgment being entered thereon or concerning the same, that no writ of error, objection or exception should be made or taken, and that all such proceedings should be without any right of appeal, certiorari, writ of error, objection, motion or rule to open judgment or set aside execution.   If the contract was a vigorous one it was of his own making, and compliance with its terms must have been anticipated at its signing.   Neither its execution nor conditions are questioned, and the judgment was regularly entered thereunder in accordance with its precise terms.   To

overcome the legal results of this contract he must furnish proof of quality and degree to overturn the writing, and establish his new and subsequent contract by like evidence.

Bain was not a party to either lease, and so far as his right to possession of the premises, he had no contract relation with either the Gilchrist Improved Jar Company, Incorporated, or Guenther. At most his conversations with parties in interest or whom he alleged to have authority to represent them, were but tentative propositions which never matured into a defined contract. The whole thing appears to have been dependent upon something which might happen in the future, but which could not then be determined and might never come to pass. He was never legally in possession and fails to show any authority in Hindle, with whom he claims to have made a lease for the month of September, to act for the plaintiff. He is directly contradicted by Guenther and Hindle in every material fact. He has not shown any personal right to have the judgment against the original or subtenant opened, and the rule taken at his instance should have been discharged.

There is nothing in the record tending to show that Guenther misled either Angell or Bain. He was asserting his right to immediate possession of the property, and never committed himself to any renewal of the lease. To entitle a tenant holding over to claim any rights as tenant at will, the holding over must be continued under such circumstances as to authorize the implication of assent upon the part of the landlord. Angell said to his landlord : "Mr. Guenther, I would like to be able to tell you just what I am going to do, but I can't ; of course, if we continue, the company will do it, because I will tell you as soon as the business is done, is a success." And in regard to his relation to Bain he testified : "He would have to take there anything that occurred after the first of September ; my lease expired after the first of September, and I would not attempt to hold it any further. Mr. Hindle wanted me to sign a lease and I told him that I could not because he would have to see Mr. Bain, for I had nothing to do with it in any way whatever."

Hemphill v. Flynn, 2 Pa. 144 ; Williams v. Ladew, 171 Pa. 369, and Gilbert v. Price, 18 Pa. Superior Ct., 359, are ample authority for the entry of judgment and the subsequent exe-

cution.    Lyons v. P. & R. Ry. Co., 209 Pa. 550, is not applicable to the case before us, as in that case there was no dispute as to the character of the tenancy which is the controlling question involved here.    In Hoffman v. Hafner, 211 Pa. 10, the judgment entered in the court below was stricken off as admittedly irregular, and under the authorities the defendant was entitled to his habere facias possessionem.    In the case before us the judgment was regular in every particular, and the evidence fails to satisfy us that either Angell or Bain were entitled to have it opened, hence the order of restitution was made without precedent facts to justify it.

The order opening the judgment and the order awarding restitution are each reversed.