## Voutsinas v. Gillan

*Adda Lutz Ferguson,* for plaintiff.
*William Charles Burns,* for defendant.

SMITH, P. J., March 7, 1944.—This matter came before the court on a rule to open judgment. At the time of the argument counsel for defendant asked that his petition be considered as a rule to strike off the judgment instead of a rule to open. This was granted by the court.

On August 1, 1932, Samuel C. Wisdom, agent for the owner, leased to defendant the premises 2012 Green Street, in the City of Philadelphia, for the term of one year at a rent of $900, payable in monthly payments of $75 on the first of each month in advance, at 709 Walnut Street, Philadelphia. Paragraph 5 of said lease provided that, unless terminated by a written notice served 60 days prior to the ending of any term, the

lease continued from year to year. On May 28, 1943, the owner of said premises, the Presbyterian Board of Publication and Sabbath School Work, gave a notice in writing to defendant of its intention to terminate said lease as of July 31, 1943. Defendant failed to vacate said premises on July 31, 1943, and still remains in possession.

On July 17, 1943, plaintiff entered into an agreement with the owner to purchase said premises. He obtained title thereto on October 8, 1943, and the said lease was duly assigned to him as of August 1, 1943. On October 1, 1943, the Office of Price Administration issued to plaintiff its certificate authorizing the eviction of the said defendant after a period of three months, and a copy thereof was sent to said defendant. On October 25, 1943, plaintiff exercised the option provided for in paragraph 9 of the said lease, which is as follows:

"If the lessee shall violate any covenant or condition herein contained, or shall fail to vacate the demised premises at the end of any term, then this lease shall absolutely determine at the option of the lessor, to be signified by written notice to that effect delivered to the lessee, or left upon the demised premises. And when the lease shall be so determined, any attorney may immediately appear for the lessee, in an amicable action of ejectment to be brought by the lessor in any competent court, for the recovery of the demised premises and damages for the detention thereof, and therein confess judgment against the lessee, for which this agreement (or a true copy thereof) shall be a sufficient warrant; and the lessor may issue thereon all the necessary writs or process for recovering possession of said premises, with damages for detention (to be assessed at an amount equal to all unpaid rents) and costs. No determination of this lease, nor recovery of possession or damages as aforesaid, shall release the lessee from liability for the breach of any covenants herein contained."

Plaintiff served defendant with written notice that he was ending said lease and demanding the removal of said defendant from the said premises at the expiration of the said three-months period and notifying defendant that upon his refusal to vacate legal proceedings would be taken to evict him. At the same time plaintiff demanded of defendant payment for the use and occupation of said premises up to October 31, 1943. Defendant refused to vacate the premises and refused to pay or offer to pay for the use and occupation. On November 8, 1943, plaintiff notified defendant to vacate said premises within five days because of his failure to pay for the use and occupation as demanded. Defendant refused to vacate the premises. On December 31, 1943, plaintiff's attorney appeared for defendant in an amicable action of ejectment brought by plaintiff and leave was granted by the court to enter judgment. On the same day judgment for possession and damages for detention, costs, etc., was entered by confession. On January 3, 1944, damages were assessed and writs of hab. fa. and fi. fa. were issued, returnable the first Monday of February 1944. On January 5, 1944, the Sheriff of Philadelphia County served said writ on defendant and levied on the personal property of defendant on said premises. The sale was scheduled for Thursday, January 20, 1944. On January 11, 1944, defendant filed a petition and rule to open said judgment.

It is the contention of defendant that this written lease terminated as of July 31, 1943, and that any assignment of it made subsequent thereto gives plaintiff no legal rights to proceed against him under the terms and provisions of the said lease and that the judgment should be stricken off.

It is not within the power of defendant to attack the validity of the assignment of the lease for the premises 2012 Green Street, Philadelphia, from the lessor to plaintiff. The title to the property has passed to

plaintiff and he is standing in the shoes of the lessor and former owner with all of the rights and privileges possessed by it. There is no merit in the contention of the petitioner that the assignment of the lease is a nullity. The assignment of a leasehold is a transaction whereby a lessor transfers his right, title, and interest under the terms and covenants of a lease to his assignee. The contention of petitioner that, since the lease had terminated before the assignment to plaintiff, the latter has no rights to proceed under its terms and covenants is untenable. This lease was never terminated. The communication from the original owner and lessor dated May 28, 1943, was a notice to petitioner of its intention to terminate the said lease as of July 31, 1943. An intention is merely a determination to act in a certain way: Webster's Collegiate Dictionary. The act is not an accomplished fact until the tenant is evicted. An intention expressed is a manifestation of a mental formula, while an act is a thing done. The notice as given petitioner was a proper legal notice under the terms of the lease. His rights under the lease were at an end if he vacated the premises in accordance with the notice. To terminate the lease the tenant has to vacate the premises pursuant to the notice: Donnon v. Moore, 1 Chest. 65. But instead of obeying the legal notice he determined to ignore it by remaining on the premises. He was there at the time of the assignment of the lease to plaintiff and there he still remains. When the tenant refused to vacate, it was then for the lessor to determine what steps it should take. It could regard him either as a trespasser or as a tenant from year to year: Hollis v. Burns, 100 Pa. 206; Williams et al. v. Ladew et al., 171 Pa. 369; Fidelity Trust Co. v. Lee, 38 Pa. Superior Ct. 330. While this question was undetermined, the lease was assigned to plaintiff. The lease with its terms and covenants was still in effect during the occupancy of

the premises by the petitioner. In Graham v. Dempsey, 169 Pa. 460, it was held (p. 462) :

"A tenant cannot escape liability for the rent of another term by giving notice that he is going out at the end of his year, and then not going. That actions speak louder than words is sound law as well as proverbial wisdom."

In Schuylkill & Dauphin Imp. & R. R. Co. v. McCreary et al., 58 Pa. 304, 318, it was held:

". . . a tenant holding over, after the expiration of his lease, continues tenant. . . . his possession is the possession of the lessor, with like effect as possessed by the lessee, so far as the Statute of Limitations is concerned. This is so directly the result of fixed legal principles, that authorities are not needed to prove it."

Therefore such holding over is not adverse to his lessor. The landlord may dispossess him at his pleasure: Overdeer v. Lewis, 1 W. & S. 90.

The fact that the original lessor took no action to dispossess prior to the assignment of the lease does not give the petitioner any rights. He cannot interpose his own wrong to defeat the rights of the lessor or its assignee. A waiver of notice to quit is not to be implied from a landlord's failure to take steps to dispossess the tenant for a year after the expiration of the notice: Boggs, etc., v. Black, 1 Binney 333. There are cases to the effect that under certain circumstances the acceptance of rent does not constitute a waiver of notice after the tenant has remained on the premises after the notice: Fitzpatrick v. Childs, 2 Brewster 365, 367.

The lessor could have proceeded against the tenant under the terms and conditions of the lease even after the notice to terminate, since petitioner refused to abide by it. While this status existed, the lease was assigned to plaintiff. The assignment carried with it all the rights, powers, and privileges of the lessor. Plaintiff has proceeded under the terms of the lease

in an amicable action in ejectment. This he had a legal right to do: Guenther v. Gilchrist Improved Jar Co., 28 Pa. Superior Ct. 232. In Trickett on Landlord and Tenant (2nd ed.) 456, it is stated:

"It seems to be understood that though the warrant expressly states that the lessor shall be plaintiff, and that the judgment to be entered shall be in his favor, the purchaser of the reversion from the lessor, if he receives also an assignment of the lease, may cause a judgment to be entered on the warrant, in his own favor."

In Hillman Coal & Coke Co. v. Metcalfe, 92 Pa. Superior Ct. 14, Cunningham, J., said (p. 17):

".In the case of Pittsburg Terminal Coal Corporation v. Robert Potts, appellant, at No. 75 April Term, 1928, in which we filed an opinion on November 23, 1927, we pointed out that the validity of judgments confessed in amicable actions does not depend upon conformity in such proceedings with the provisions of any statute; that such actions, resulting in confessed judgments, are not statutory but were well known at common law; that the exact manner in which the action may be commenced and entered in the court having jurisdiction— whether by praecipe for and the issuing of an appropriate summons, or the filing of a declaration or other pleading setting forth the cause of action, or the filing of an agreement of the parties, or their attorneys, for an amicable action—is immaterial, provided the defendant has agreed that the action may be commenced as an amicable proceeding and has authorized the confession of the judgment."

### Order

And now, to wit, March 7, 1944, the petition for the striking off of the judgment is discharged; the petition for the opening of the judgment is discharged, and the sheriff is ordered to proceed in accordance with the amicable action in ejectment.