## Bedford *versus* Kelly.

| 61 | 491 |
|151 | 116 |
| 61 | 491 |
|163 | 126 |
| 61 | 491 |
| 28 SC | 159 |

1. A lessor signed as "*agent,*" disclosing no principal: the tenure being under the lessor the lessee could not contest his title.

2. A certiorari to a magistrate brings up nothing but the record; the evidence is not before the court.

3. In proceedings to dispossess a tenant, the day the notice was served need not appear in the record, if the magistrate find that it was served three months before the end of the term.

4. The record of the magistrate in such case is an inquest of facts resulting in a judgment, and the testimony is not set out in the finding.

February 8th 1869.  Before Thompson, C. J., Agnew and Williams, JJ.  Read, J., at Nisi Prius.  Sharswood, J., absent.

Error to the Court of Common Pleas of *Philadelphia:* No. 132, to January Term 1869.

This was a proceeding by William G. Bedford, "Agent," against Michael Kelly, under the Landlord and Tenant Act of 1863.

The proceedings were commenced March 9th 1868, and the record set out that due proof was then made before Charles E. Pancoast, Esq., an alderman, &c., of the possession of the premises in dispute by the plaintiff, of demise to defendant, notice to quit, refusal

[Bedford *v.* Kelly.]

to remove, issue of process, &c. That afterwards on the 14th day of March, A. D. 1868, at the office of the said alderman, William Wallace appeared for plaintiff. Defendant appeared in person. Lease of premises presented in evidence. Laron Tiers sworn for plaintiff. Defendant presented in evidence his receipt-book, showing receipt given by J. B. Walch, agent for plaintiff, January 7th 1868, for $25 of one month's rent. Plaintiff admitted the month's rent was paid in advance, but was received in mistake, the said Walch believing it was the rent for December 1867. Continued to March 19th, at 4 o'clock P. M. March 19th, same parties appeared. John B. Walch affirmed for plaintiff. Jane Murray sworn for defendants. Held under advisement to March 20th 1868, at 6 o'clock P. M. And now, March 20th 1868, after hearing the proofs and allegations offered by the said parties, the said alderman finds that the said William G. Bedford, on 1st day of January 1867, was quietly and peaceably possessed of a certain messuage, &c., and on that day did demise the said premises to the said Michael Kelly for the term of one year then next ensuing, at the annual rent of $300; and that he entered into possession of the premises, and held the same during said term, and is still possessed of the same; and that the said term for which the said premises were demised is fully ended; and the said William G. Bedford, agent, did, more than three months previous to expiration of said term, demand of and require the said Michael Kelly to remove from and leave the same; and that the said Michael Kelly hath hitherto refused, and still doth refuse to comply with the said demand and requisition, &c. "And the said alderman doth enter judgment in favor of plaintiff and against defendant, that he shall forthwith deliver actual possession of the premises to plaintiff, and assessed the sum of $60 for the damages of the said William G. Bedford, agent, occasioned by the unjust detention of the said premises. Therefore it is considered and adjudged by the said alderman that the said William G. Bedford shall and do recover and have of the said premises as well the said sum of $60 for his damages aforesaid, as also the sum of $8.10 for his reasonable costs by him expended," &c.

The defendant removed the proceedings to the Court of Common Pleas by certiorari, and filed the following exceptions:—

1. The record does not set forth who is the owner of the premises, the suit having been brought in the name of W. G. Bedford, agent, only.

2. The record shows a new tenancy was created by the said W. G. Bedford receiving rent after the expiration of the term.

3. The record does not set forth when the notice to quit was served.

4. The judgment is against the premises, and not against the defendant.

[Bedford v. Kelly.]

5. The record does not set forth what the witnesses were examined in reference to.

6. The record is made in fraud of the defendant, the alderman having awarded damages in fraud of the defendant, there being no claim made before said alderman, or any proof of any damage in the presence of the defendant or his counsel.

7. The costs awarded to the plaintiff are excessive, and exceed the costs allowed by the Act of Assembly in such case made and provided.

8. The complaint varies from the summons in regard to the three months' notice.

9. Judgment is not entered in form and manner as provided by the Act of Assembly.

The Court of Common Pleas reversed the judgment of the alderman; no opinion being delivered.

The plaintiff took a writ of error, and assigned the reversal of the judgment for error.

*N. H. Sharpless*, for plaintiff in error.—"Agent" to the plaintiff's name is surplusage: Stone v. Wimmell, 24 Leg. Int. 212. The record shows that the tenancy was ended. A certiorari cannot bring up evidence to show that it was not: Derry v. Brown, 1 Harris 389; Union Canal Co. v. Keiser, 7 Id. 134. Every intendment on such proceedings is in favor of the magistrate: Act of March 20th 1810, § 22, 5 Sm. L. 172, Purd. 412, pl. 23. The presumption is, the costs were duly taxed: Brown v. Gray, 5 Watts 21.

There was no paper-book furnished by the defendant in error.

The opinion of the court was delivered, March 8th 1869, by

THOMPSON, C. J.—We are not apprised of the grounds upon which the court below reversed the proceedings had before the alderman in this case, and hence we are driven to notice the principal exceptions made to the magistrate's record below, in order to determine whether it is defective for any of the reasons assigned.

First, then, it was no reason why the plaintiff should not repossess himself of the premises because he chose to add to his name the word *agent*, in executing the lease. He disclosed no principal as owner, and no other than he appeared to be owner. The defendant's tenure was under him as such owner, and he has no right to controvert a title under which he has entered and paid rent. The same objection in principle was made in Snyder v. Carfrey, 4 P. F. Smith 90, where the lessor executed the lease as trustee without disclosing his cestui que trust. Woodward, C. J., in delivering the opinion of the court, overruling the objec-

[Bedford *v.* Kelly.]

tion, said, if the lessor "as trustee was in the possession of the premises, and as trustee leased them, why might he not have legal proceedings as trustee to recover them?" In Holt *v.* Martin, 1 P. F. Smith 499, a lessor was attempted to be resisted on precisely the objection made here, that the lease was signed with the addition of the word *agent*. In fact that was a stronger case than this; for it was proposed to be shown that the lessor was agent for certain parties owners, who had revoked his agency and continued the lease. But such a defence was held to controvert the rule that the tenant shall not dispute his landlord's title, and was overruled. His calling himself agent was not an admission of title, as was said by my brother Agnew, in the persons it was proposed to prove were the owners, the proposition was directly to attack the lessor's title. These cases conclusively show that there is no force in this objection made below and here.

2. The next exception below was disproved by the finding of the magistrate. That explicitly finds a letting for the term of one year, fully ended before process issued. The testimony on which the finding was based is not before us, nor could it be in the way the case has been brought up. The certiorari from the court below to the alderman brought up nothing but his record. The defendant took that remedy in preference to an appeal. The consequence of which is, that the evidence was not before the court below, nor here. We must therefore presume that the defendant's evidence of a new lease, by the acceptance of rent on the part of the landlord, was legally disproved. It appears by the record that he obtained a continuance in order to show that the date of the receipt was a mistake—that the rent mentioned was received for the month of December, the last month of the term, and not for January, the beginning of a new term. We must presume this proved, because the finding is that the tenure was fully ended. We have no power to say the finding of this fact was not accurate, for we have no means to judge of it, there being no testimony before us.

3. There is nothing in the objection that the date of the notice to quit is not given, the fact being found and so stated in the record of the alderman, and that it was given more than three months before the end of the term. We must presume that this was proved by competent evidence.

4. The judgment is quite sufficiently explicit against the defendant for the premises, and for damages and costs. The clerical error in using the word "*premises*," instead of "defendant," where it occurs in one place in the record is patent, and could not mislead or injure the defendant in the least. It would be a reproach to the law to defeat a party of his rights on such an objection. The records of magistrates are not to be overthrown by such criticisms.

[Bedford v. Kelly.]

5. Taking the record as our guide, we must also presume that a claim of damages was made before the alderman. It is allowed by him. It would be strange if such a claim was not made, when at the date of the judgment there had been a holding over nearly three months. The record is conclusive against the objection here.

6. The objection that the alderman has not set forth what the testimony was, on the material points necessary to be established by the plaintiff in order to entitle him to recover, is without merit. The record of the alderman is an inquest of facts, resulting in a judgment, and like other inquests, the testimony is never set out in the finding. We need not enlarge on this or the other objections made below. Suffice it, we think them untenable. We must therefore reverse the judgment of the court below, and affirm the judgment of the alderman at the costs of the defendant below and here.

And now, March 8th 1869, it is ordered accordingly