## Lyons, Appellant, *v.* Philadelphia & Reading Railway Company.

*Landlord and tenant—Tenancy at will—Tenancy from year to year—Railroads—Eminent domain—Damages.*

Where a parol lease between a brewer and a firm of liquor dealers provides that the tenants may "remain as long as they wanted," that the rental shall be determined by the number of barrels of beer purchased from the lessor, and that it shall be payable "just as the beer bill was payable," the tenants hold as tenants at will; and the mere fact that they hold over for more than a year, does not change the tenancy into one from year to year.

Where a railroad company condemns land occupied by a tenant at will, and gives reasonable notice to the tenant to remove his goods and fixtures, and the tenant fails to do so, the railroad company will not be liable in damages to the tenant for injuries caused to his property by the demolition of the building.

Argued May 24, 1904. Appeal, No. 2, May T., 1904, by plaintiff, from judgment of C. P. Dauphin Co., Sept. T., 1902, No. 207, on verdict for defendant in case of W. H. Lyons and H. H. Treon, Tenants of Frank A. Rieker, owner, trading as Lyons & Treon, v. Philadelphia & Reading Railway Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Appeal from report of viewers.

From the record it appeared that plaintiffs who were liquor dealers, entered into a verbal undertaking with Rieker, the then owners, the terms of which were that they agreed to pay

twenty-five cents for each barrel of beer more than the regular price elsewhere, as rental. `The rental was " payable just as the beer bill was payable—paid at all times, . . . . along different periods,—running account . . . . sometimes every week they got a check." The understanding was that the plaintiffs " had a right to remain on that lot as long as you (they) wanted," or, as the owner's son testifies, they " could have stayed as long as they felt."

The tenants erected buildings on the premises which were used for bottling, storage, liquor-room and offices,—and also a stable, wagon shed, coal shed and outbuildings and machinery necessary to the conduct of their business.

The defendant company being desirous to enter upon the lands for railroad uses, presented a bond in the usual form, which was approved May 16, 1901, and thereafter viewers were appointed for the purpose stated.

The defendant gave notice to the plaintiffs December 20, 1901, that it desired possession of the lot March 1, 1902, and stated the notice was given to allow them time to arrange their affairs, but did not take actual possession of the premises until June 4, 1902.

The plaintiffs disregarded the notice, and the railroad company proceeded to the demolition of the buildings. The court gave binding instructions for defendant.

*Error assigned* was in giving binding instructions for defendant.

*Casper Dull,* for appellant.

*John T. Brady,* for appellee, was not heard.

PER CURIAM, June 15, 1904 :

The appellants were tenants at will of Rieker. The agreement under which they went into possession was altogether indefinite as to the time it was to last ; they were to " remain as long as they wanted." The rent was not fixed either as to amount or time of payment, but was determined by the number of barrels of beer they should purchase from their lessor, and was payable " just as the beer bill was payable."

A clearer case of tenancy at will would be hard to discover. Under such circumstances the mere fact that the tenancy ran along for more than a year did not change its character or convert it into a tenancy from year to year. " Where the duration of the term is left uncertain . . . . the lessee holds ab initio as a tenant at will. And the mere payment of rent will not change the tenancy into one from year to year, unless there are other circumstances to show an intention to do so, as for instance an agreement to pay rent by the quarter, or some other aliquot part of the year: " 18 Am. & Eng. Ency. of Law (2d ed.), tit. Landlord & Tenant, p. 183. But " the mere payment of a periodical rent, however, will not necessarily have the effect of changing the tenancy at will into a periodical tenancy and parol evidence may be admitted for the purpose of showing the character of the payment: " 18 Am. & Eng. Ency. of Law (2d ed.), p. 186. It was on this last principle that the issues in McDowell v. Simpson, 3 Watts, 129, and Dumn v. Rothermel, 112 Pa. 272, were sent to the jury to determine whether the leases were at will or from year to year. In both cases the rent was paid yearly, and the expression of Justice KENNEDY, in the former, so much relied on by appellants, that " if the tenants were suffered to hold under it for upwards of a year, paying the rent as it became due, and the plaintiff receiving it without objection, the lease instead of continuing to be a lease strictly at will would thereby become a lease from year to year," must be read in connection with the facts of the case.

Being tenants at will, the termination of the lessor's estate, even though by involuntary alienation under eminent domain determined the appellants' lease, and made them technically tenants at sufferance of the railroad company. The difference, however, is not practically of any importance. All they were entitled to in either case was notice and a reasonable time to remove their goods and fixtures. This they received, but failed to avail themselves of, and the learned judge below was justified in treating their conduct as an abandonment.

The filing of the bond by the railroad company did not change the nature of the tenancy, nor the rights of the appellants except so far as it substituted the company as lessor in place of Rieker. The bond was security for such damages as the appellants " shall be entitled to receive for the entering by the

said company upon the said lands, and establishing and constructing the said additional tracks and structures thereon." If the company had entered immediately and demolished the buildings in the construction of its tracks, it would have been liable just as its predecessor, Rieker, would have been, for the damages caused by want of reasonable opportunity to appellants to remove their property, but such opportunity having been given, there were no damages, and the verdict was rightly directed for defendant.

Judgment affirmed.