## Hood v. Drysdale, Appellant.

*Landlord and tenant—Lease—Tenancy from month to month—Tenancy by sufferance.*

Where a lease provided for a term of one month and if "at the expiration of the said term of one month, or if the rent be not punctually paid within five days after the same shall have become due, or upon breach of any other condition of the lease, the lessee shall be a mere tenant at sufferance," the lessee on holding over becomes a tenant from month to month, and not a tenant from year to year.

Submitted Dec. 15, 1904. Appeal, No. 210, Oct. T., 1904, by defendant, from order of C. P. No. 5, Phila. Co., June T., 1904, No. 5471, discharging rule to open judgment in case of William H. Hood, Agent, v. Alexander B. Drysdale. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Rule to open judgment.

DAVIS, J., filed the following opinion:

DAVIS, J. The plaintiff commenced an amicable action in

ejectment under and by virtue of a certain agreement of lease, entered judgment, and issued a habere facias for the recovery of the possession of the premises described therein.

By said agreement plaintiff leased to defendant the premises, No. 100 Sterner street, for the term of one month from September 27, 1894, at the monthly rental of $25.00, payable punctually on the twenty-seventh day of each month in advance. It was also provided that at the expiration of the said term of one month, if the rent be not punctually paid within five days after the same shall have become due, or upon breach of any other condition of this lease, the lessee shall be a mere tenant at sufferance, and the lessor, or his assigns, may re-enter upon and take possession of the said premises ; or, at his option, as attorney for the lessee, sign an agreement for entering in any competent court of record an amicable action and judgment in ejectment for the recovery by the lessor or his assigns of the possession of the premises and for the issuance of a writ of habere facias without further proceedings.

This rule was based upon the assumption that the term of the lease being for one month only, the tenant, upon holding over, became a tenant at will, and therefore tenant from year to year, entitled to a three months' notice before he could be called upon to deliver up possession of the premises ; and that the notice admittedly given on June 9, 1904, to quit the premises on July 27, 1904, was therefore illegal and void.

It is true for some purposes, that the lessee for any certain time less than a year, is recognized as a tenant for years. When, however, we are dealing with the question of an implied renewal of tenancy, all the terms of the former lease must be considered. The purpose is not to make a new lease essentially different, but to continue the former so far as its terms may be applicable. In its very nature the implied renewal of a lease assumes the continuation of its characteristic features. Hence, if a landlord elected to treat one holding over as a tenant, he thereby confirms the form of tenancy in which the tenant previously held. If that was a tenancy by the month, it would presumptively so continue. The landlord cannot impose a longer term nor one radically different from the former.

542    HOOD v. DRYSDALE, Appellant.

Opinion of Court below—Opinion of the Court. [27 Pa. Superior Ct.

In case a tenant by the month holds over, it will not be claimed that he is entitled to three months' notice to quit. If the tenancy be by the month, a month's notice to quit is sufficient: Hollis v. Burns, 100 Pa. 206.

The rule to open judgment is therefore discharged.

*Error assigned* was the order of the court.

*John R. McLean, Jr.*, and *Herman W. Rennert*, for appellant.

*James E. Gorman*, for appellee.

OPINION BY RICE, P. J., March 14, 1905:

The facts of this case are concisely and accurately stated in the opinion filed by the learned judge below, and little can be added profitably to his discussion of the legal question involved. It is argued in opposition to his views and conclusion that the tenancy as it existed after the tenant held over was distinctly described in the lease itself as a tenancy at sufferance; that this was an erroneous description of the relation, because this sort of tenancy cannot arise by contract, either expressed or implied; therefore the parties must be deemed to have contemplated a tenancy at will, which is, in effect, a tenancy from year to year. By this ingenious reasoning the words "shall be a mere tenant at sufferance" are given the same effect as would be given to the words "shall be a tenant from year to year." Thus the conclusion is reached that at midnight of the last day of the month for which the premises were specifically demised a term of one year began, that at the expiration of that year, if the tenant held over without three months' previous notice to quit, another similar term began, and so on to the present time. The argument is based on an interpretation of the words "shall be a mere tenant at sufferance" contrary to their plain meaning, and the result reached is the very one which the parties manifestly intended to avoid. Granting the impossibility of creating a strict tenancy at sufferance by agreement, as argued by counsel, they have not made it clear that it was not competent for the parties to agree that, so far as the right of the landlord to re-enter at the expiration of the first month or of any succeeding month was concerned,

the lessee should be in the position of a tenant at sufferance. There would be some show of reason for rejecting the words "shall be a mere tenant at sufferance" as superfluous; there is none for substituting for them the words "shall be a tenant from year to year." This would be to reform the agreement of the parties which they deliberately entered into, not to construe it. Adopting the construction most favorable to the tenant of which the lease is susceptible, the effect of his holding over and the landlord's acceptance of rent was to create a tenancy, not from year to year, but from month to month, which could be terminated by the tenant at the end of any month by removing from the premises, and by the landlord by giving one month's previous notice to quit: Hollis v. Burns, 100 Pa. 206. As the landlord in this case gave such notice, the question, whether, under the peculiar provision of the lease, it was necessary to do so may be left undecided. It was certainly the safer course to pursue and it was all that the tenant had a right to demand under any fair and reasonable construction of the lease.

Order affirmed at the costs of the appellant.