## Robinson, Appellant, *v.* Kuhen.

*Landlord and tenant—Tenancy at will—Indeterminate verbal lease—Termination—Repossession — Notice — Act of March 31, 1905, P. L. 87.*

Under the provisions of the Act of March 31, 1905, it is only necessary for a landlord to give 30 days' notice to a tenant under a verbal lease for an indeterminate period, to deliver up possession of the premises. At the termination of this period the landlord is entitled to repossess himself of his property. The 30-day period need not be computed from the first day of a calendar month, but begins to run from the date of service.

Argued April 18, 1924. Appeal, No. 63, April T., 1924, by plaintiff, from judgment of C. P. Mercer Co., Oct. T., 1922, No. 132, on verdict for defendant in the case of Lillian McKay Robinson v. F. G. Kuhen. Before ORLADY, P. J., HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Appeal from judgment of justice of peace. Before McLAUGHRY, P. J.

The facts are stated in the opinion of the Superior Court.

The court directed a verdict for defendant and submitted to the jury the amount of damages. The jury returned a verdict of $500 and judgment was entered thereon. Plaintiff appealed.

*Errors assigned* were answers to points and refusal of plaintiff's motion for judgment non obstante veredicto.

*M. L. McBride,* for appellant, cited: Newman v. Rutter, 8 Watts 51, 24 Cyc. 1381, 1387, 24 Cyc. 1403, 25 L. R. A. (N. S.) 104; E. E. Willard v. C. R. Early, 10 Sadler 504.

*W. J. Whieldon,* and with him *W. W. Moore,* for appellee, cited: Hood v. Drysdale, 27 Pa. Superior Ct. 540; Hollis v. Burns, 100 Pa. 206.

OPINION BY TREXLER, J., July 2, 1924:

There were a number of matters injected into this case, but after a discussion between the trial judge and counsel, it was admitted that the relationship between the parties was that of landlord and tenant and the only question that remained was: Was the tenant dispossessed in accordance to law?

The tenant testified that he was in possession under a verbal lease. The original relationship of the parties had been fixed by a written contract which was not produced. Later the rent was changed from $17 to $20 per month. To the question, "Was there any particular length of time specified after March 1, 1920, that you were to continue to use the house?" Kuhen, the tenant answered, "No time set; never." On August 15, 1922, a notice to quit was served. On September 22, 1922, complaint was made before the justice and a summons issued requiring Kuhen to appear on September 28th. On the day fixed the defendant not appearing, after hearing plaintiff's proof, the justice entered judgment of possession in favor of the plaintiff and $240 for damages. The notice to quit on August 15th demanded removal on September 15th. The defendant contends and the court so held that the only time the tenant could be required to vacate the premises was at the end of some calendar

month and then only upon a notice served 30 days before. The plaintiff's reliance is upon the Act of March 31, 1905, P. L. 87, which provides: "That in all cases where a tenant shall hold possession of real estate within this Commonwealth, either by license or lease, whether oral or written, for any time less than one year, or by the month, or for an indeterminate time; and the immediate landlord or owner of such real estate shall desire to regain possession thereof from such tenant or occupant, he shall serve upon the tenant or an adult member of his family a notice, in writing, demanding therein that he requires such tenant or occupant to deliver to him the possession of the premises, so held, within thirty days from the date of service thereof; provided that this act shall not be construed as authorizing the dispossession of a tenant before the expiration of his or her license or lease." It will be noticed that the 30 days begin to run from the date of service. The intent of the Act of 1905, is evidently to extend the Act of December 4, 1863, P. L. (1864) 1125, to cases of leases for less than a year or for an indeterminate time and is applicable to a proceeding against a tenant at will: Rudy v. Zeigler, 30 D. R. 362, opinion by Judge SADLER. The tenancy which we are considering being at will, certainly came within the provisions of the act and the testimony of the defendant himself supports this position. "The mere payment of a periodical rent, however, will not necessarily have the effect of changing the tenancy at will into a periodical tenancy and parol evidence may be admitted for the purpose of showing the character of the payment": Lyons v. Philadelphia & Reading Ry. Co., 209 Pa. 550, 552. In the case before us, as we have already noted, defendant asserted that the tenure was indefinite. The court below erred in holding that the term ended definitely at the end of the month. The tenancy could be terminated at any time, provided notice be given thirty days before bringing the action. The third assignment

340     ROBINSON, Appellant, *v.* KUHEN.

of error directing a verdict in favor of the defendant is sustained.

The judgment is reversed with a venire.

CONCURRING OPINION BY KELLER:

I concur in the judgment of reversal but not for the reason given in the majority opinion.   The property was first rented at $17 per month; subsequently the rent was raised to $20 per month; and this rental covered the term from the first day to the last day of each calendar month.   The lessee held over for several years.   This constituted a tenancy from month to month, not a tenancy at will: Hollis v. Burns, 100 Pa. 206; Hood v. Drysdale, 27 Pa. Superior Ct. 540; and the tenant was entitled to full 30 days' notice before the expiration of his monthly term, which in this case was not given; he was notified on August 15, 1922, to vacate on September 15, 1922.

There was, however, no evidence in the case to justify a verdict of $500.   The actual damages proven were trivial in amount and there was no evidence of wantonness or malicious conduct justifying punitive damages. On that ground I would reverse the judgment and award a new trial.

GAWTHROP, J., joins in this opinion.