## Lynch *v.* Hickey et ux., Appellants.

Argued March 11, 1943. Before KELLER, P. J., BALD-
RIGE, STADTFELD, RHODES, HIRT, KENWORTHEY and
RENO, JJ.

*Thomas M. Hickey,* for appellants.

*Charles I. Houston,* of *Rupprecht & Houston,* for ap-
pellee.

OPINION BY RHODES, J., April 13, 1943:

This is a proceeding instituted by the landlord to
recover possession of certain premises under the Act
of March 31, 1905, P. L. 87, 68 PS §§ 366, 367, a supple-
ment to the Act of December 14, 1863, P. L. [1864]
1125, 68 PS § 364. After hearing, the justice of the
peace entered judgment of possession in favor of plain-
tiff. A writ of certiorari was then issued out of the
court of common pleas. Exceptions to the record of
the justice were dismissed, and the judgment was
affirmed. Defendants have appealed to this court.

Defendants have filed sixteen assignments of error.
In their argument they have made no reference to many
of the assignments, and they need not be considered.
*Beach's Estate,* 324 Pa. 142, 188 A. 108. However, we

have examined all the assignments, and conclude, without discussing all of them, that they are without merit.

The certiorari from the court below to the justice brought up nothing but his record. The Act of 1863, § 1, 68 PS § 364, reads in part: "That the tenant may have a writ of certiorari, to remove the proceedings of the justice, as in other cases." Defendants pursued that remedy in preference to an appeal which is permitted by the same section of the act. Consequently, the evidence was not before the court below, and it is not before us *(Bedford v. Kelly,* 61 Pa. 491, 494), and only irregularities appearing on the face of the record can be corrected *(Ristau et ux. v. Crew Levick Co.,* 109 Pa. Superior Ct. 357, 362, 167 A. 800).

We will not set forth in detail the transcript of the justice. We are of the opinion that it contains every essential necessary to support the judgment. See *Mikulski v. Ziolkowski et ux.,* 73 Pa. Superior Ct. 72.

The justice found, inter alia, that defendants, husband and wife, entered into possession of the premises on August 9, 1916, at a certain rental, "under a verbal lease for a term at will"; that title to the real estate passed through various hands until it was conveyed to plaintiff; "that the original verbal lease continued ...... as a lease at will"; that defendants have been in possession of the premises since the original demise; that written notice to quit on August 31, 1942, was given by plaintiff to defendants on July 29, 1942; "that ...... [the] term at will ...... ended on August 31, 1942"; that defendants refused to vacate; and that plaintiff was entitled to immediate possession.

As the tenancy was at will,[1] it came within the provisions of the Act of 1905, supra, §1, 68 PS §366.[2]

---

[1] See *Bedford v. Kelly,* 61 Pa. 491, 494.

[2] "In all cases where a tenant shall hold possession of real estate within this Commonwealth, either by license or lease, whether oral or written, for any time less than one year, or by

See *Robinson v. Kuhen,* 83 Pa. Superior Ct. 337. And the required thirty days' notice to terminate was given by the landlord. See *Anderson v. McHenry,* 90 Pa. Superior Ct. 583, 586, 587.

Most of defendants' argument relates to the records of other proceedings between husband defendant and a former landlord, which were offered in evidence at the hearing before the justice, and it would seem from the assignments of error that this was done for the purpose of proving that wife defendant was not a cotenant, that there was a month to month lease, and that the tenancy could be terminated only on sixty days' notice. But the justice found, as it affirmatively appears from his record, that defendants accepted the premises as cotenants, and that the tenancy was one at will. We must presume that the findings of the justice are correct and based on competent evidence, as there is nothing before us which would permit of any other conclusion. "The record of the [justice] is an inquest of facts, resulting in a judgment, and like other inquests, the testimony is never set out in the finding": *Bedford v. Kelly,* supra, 61 Pa. 491, at page 495. See *Mikulski v. Ziolkowski et ux.,* supra, 73 Pa. Superior Ct. 72, 75; *Battles v. Nesbit,* 149 Pa. Superior Ct. 113, 27 A. 2d 694.

All the assignments of error are overruled.

Judgment is affirmed.

---

the month, or for an indeterminate time; and the immediate landlord or owner of such real estate shall desire to regain possession thereof from such tenant or occupant, he shall serve upon the tenant or an adult member of his family a notice, in writing, demanding therein that he requires such tenant or occupant to deliver to him the possession of the premises, so held, within thirty days from the date of service thereof: Provided, That this act shall not be construed as authorizing the dispossession of a tenant before the expiration of his or her license or lease."