## Natalo et al. v. Keiser

*A. Archer Cross*, for plaintiffs.
*Robert C. Duffy*, for defendants.

ALESSANDRONI, J., January 10, 1946.—A petition for a writ of alternative mandamus was filed to order respondent, B. David Keiser, Magistrate of Court No. 1

of Philadelphia County, to grant a rule to show cause why the question of jurisdiction should not be determined preliminarily under the Act of March 5, 1925, P. L. 23.

On October 15, 1945, respondent had entered judgment against petitioners in proceedings under the Act of March 31, 1905, P. L. 87, for possession of premises 3912-14 North Broad Street, Philadelphia. Petitioners were in possession under a lease from Arthur Berry. An appeal from this judgment was taken to the Municipal Court of Philadelphia and that court entered an order making absolute a rule to strike off the appeal. Having been unsuccessful in the municipal court, petitioners then obtained this writ of alternative mandamus.

Respondent appearing de bene esse, moved to quash the writ, contending that the petition for the writ was legally insufficient in that it set forth no cause of action.

We are called upon to determine whether the Act of 1925 applies to proceedings in a magistrate's court and we must conclude that the legislature in 1925 never intended to include magistrates' courts within the scope of the act.

It clearly appears that the term a "court of first instance" was intended to govern courts of record where pleadings were filed and depositions taken in matters either at law or in equity. Furthermore, a decision on the question of jurisdiction under the act may be appealed to the Supreme or Superior Court as in the case of final judgments. The legislature could not have intended that decisions of magistrates were to be taken directly to our appellate courts.

Petitioners complain that they were not given proper notice to quit, as required by the Act of 1905. The proper remedy for a person aggrieved by the action of a magistrate is an appeal or a writ of certiorari: Lynch v. Hickey et ux., 152 Pa. Superior Ct. 129. Petitioners availed themselves of this remedy in an appeal to the municipal court and, if that court was in error in their

conclusion that the failure to give proper notice to quit was waived under the terms of the lease, a further remedy was available by appeal from the decision of that court.

We can perceive no reason for distorting the scope of the Act of 1925. If the position of petitioners is sound, there was an adequate remedy available to them without recourse to this writ of alternative mandamus.

### Order

And now, to wit, January 10, 1946, the motion to quash the writ of alternative mandamus is granted.

NOTE.—An appeal taken to the Superior Court from the foregoing decision was subsequently withdrawn.