459 A.2d 811

**MERCER COUNTY AGRICULTURE SOCIETY, a Non-Profit
Corporation with Offices at Stoneboro, t/a Stoneboro Fair,**

v.

**Wilbert BARNHARDT, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 11, 1983.

Filed April 22, 1983.

Edith Benson, Sharon, for appellant.

Michael Halliday, Greenville, for appellee.

Before CERCONE, President Judge, and POPOVICH and VAN der VOORT, JJ.

CERCONE, President Judge:

In this landlord/tenant dispute, appellant, Wilbert Barnhardt, appeals from the decision of the court below granting appellee, Mercer County Agriculture Society [hereinafter referred to as the Agriculture Society, or the landlord], a writ of possession and monetary damages for rent accrued and paid by appellant to the prothonotary during the pendency of this action. Appellant's argument on appeal is that his lease was not properly terminated by appellee. We find appellant's argument to have no merit and we affirm.

The facts as found by the trial court are these. In 1978, the parties entered into an oral, month-to-month lease for the rental of four horse stalls at $15.00 per month. The term of the lease was to run from the first day of the month to the last. Additionally, the lease entitled Barnhardt to draw water for his horses and to use the racetrack for training and conditioning the animals.

Then, on November 8, 1978, the landlord's stall superintendent personally served Barnhardt with a written notice to quit the premises. This notice said:

It has been decided by the Board of Directors of the Stoneboro Fair Association, at their meeting on November 6, 1978, that we do not wish to renew your month to month lease for horse and tack stalls at the Stoneboro fairgrounds.

Be advised that this is your official notification to remove horses, either owned or trained by you, along with your personal property, from the Stoneboro Fair property by December 10, 1978.

When Barnhardt refused to vacate, the Agriculture Society filed an action in ejectment in district court. Barnhardt counter claimed for damages done to feed and other materials kept at the stables, allegedly occurring because of a leaking roof. The court ruled in favor of the Agriculture Society on all claims and Barnhardt appealed to the common pleas court. Following a hearing, the court of common pleas granted the Agriculture Society a writ of possession

and a verdict for rental due. The court also ruled against Barnhardt on his counterclaim. Barnhardt now appeals.

Appellant Barnhardt argues that his lease was not properly terminated by the landlord because the termination date as set forth in the notice to quit, did not coincide with the end of the monthly term. For this reason, appellant contends that the common law rule, which held that a notice to quit must coincide with the end of the term else the notice is completely null and void, should be held to govern appellant's case.

In relevant part, the Landlord and Tenant Act of 1951 provides:

A landlord desirous of repossessing real property from a tenant may notify, in writing, the tenant to remove from the same at the expiration of the time specified in the notice under the following circumstances, namely, (1) *Upon the termination of a term of the tenant....*

*In case of the expiration of a term* or of a forfeiture for breach of the conditions of the lease *where the lease is for any term of less than one year* or for an undeterminate time, *the notice shall specify that the tenant shall remove within thirty days from the date of service thereof,* and when the lease is for one year or more, then within three months from the date of service thereof.

.    .    .    .    .

The notice provided for in this section may be served personally on the tenant....[1]

There are no appellate court decisions construing this portion of the Act, and the trial court decisions which have been reported are in conflict. It is therefore necessary to begin our analysis with appellate cases decided under the law which preceded the Act of 1951.

In *Hollis v. Burns*, 100 Pa. 206, 45 Am.Rep. 379, 13 W.N.C. 241 (1882), the tenant leased a house under an oral,

---

1. The Landlord and Tenant Act of 1951, the Act of 1951, April 6, P.L. 69, art. V, § 501, as amended by the Act of 1978, April 28, P.L. 202, No. 53, § 2(a) [1271] (Supp.1982.)

month-to-month lease which commenced on the sixth of each month. After occupying the premises for twenty months, the tenant vacated the premises on the fifth of the month. The landlord sued for rental money, arguing that the monthly tenancy had become a yearly tenancy when the tenant stayed beyond one year.. Based on the common law, the Court rejected the landlord's argument and ruled the tenancy to be a monthly one. In dictum the Court noted that where the tenancy is monthly, "a month's notice to quit [from the landlord] is sufficient." 100 Pa. at 209.

The *Hollis* case was subsequently cited as authority by our Court in *Hood v. Drysdale,* 27 Pa. Superior Ct. 540, 543 (1905) for the proposition that a monthly tenancy "could be terminated [by the tenant] at the end of any month by removing from the premises, and by the landlord by giving one month's previous notice to quit." As in *Hollis,* the tenancy in *Hood* was based on an oral lease; the term of the lease commenced on the twenty-seventh of each month. On June 9, 1904, the landlord gave the tenant notice to quit on July 27, 1904. The Court ruled that the notice was effective even though it allowed for more than one month's notice to the tenant.

The case of *Robinson v. Kuhen,* 83 Pa.Superior Ct. 338 (1924) is also instructive. In *Robinson,* the tenant held over for several years following the expiration of his written lease. Then, on August 15, 1922, the landlord served the tenant with notice to quit and demanded removal by September 15, 1922. On appeal, the tenant argued that he was a monthly, or periodic tenant, and that as such he was entitled to thirty days' notice prior to the expiration of the term. However, this Court rejected the claim that this was a monthly tenancy and ruled that it was only a tenancy at will. At the time, the relevant statutory provision provided:

In all cases where a tenant shall hold possession of real estate within this Commonwealth, either by license or lease, whether oral or written, for any time less than one year, or by the month, or for an undeterminate time; and the immediate landlord or owner of such real estate shall

desire to regain possession thereof from such tenant or occupant, *he shall serve upon the tenant or an adult member of his family a notice, in writing,—therein that he requires such tenant or occupant to deliver to him the possession of the premises, so held, within thirty days from the date of the service thereof; Provided, that this act shall not be construed as authorizing the dispossession of a tenant before the expiration of his or her license or lease.*

The Act of March 31, 1905, P.L. 87, Sec. 1, 68 P.S. § 366. Thus, the Court held that "the tenancy [at will] could be terminated at any time, provided notice be given thirty days before bringing the action." *Id.*, 83 Pa.Superior at 339. In a concurring opinion, Judge Keller, joined by Judge Gawthop, disagreed with the court's conclusion that this was a tenancy at will. Instead, the two judges believed that the facts proved that a monthly tenancy existed. Having taken this position, the concurring judges made a statement that is relevant to the case now before us. The judges wrote that a monthly tenant is "entitled to full thirty days' notice before the expiration of his monthly term...." *Id.*, 83 Pa.Superior at 340.

■ Since the *Robinson* decision, there have been no other reported appellate decisions on the subject of the termination of an oral monthly tenancy. We see from the above three cases, however, that both at common law and under the Act of 1905, the landlord was required to give the tenant thirty days notice to quit prior to the expiration of the term. We conclude that the Landlord and Tenant Act of 1951 retains this requirement, for the Act specifies only three situations in which the landlord may give his tenant notice to vacate and one of those situations is "upon the termination of the term of the tenant...." [2] In such a situation, the Act provides: *"In case of the expiration of a term ... where the lease is for any term of less than one*

2.  The other two situations are, as stated in the statute:
    (2) or upon forfeiture of the lease for breach of its conditions, (3) or upon the failure of the tenant, upon demand, to satisfy any rent reserved and due.
    The Landlord and Tenant Act of 1951, *supra,* 68 P.S. § 250.501.

year ... the notice shall specify that the tenant shall remove within thirty days from the date of service thereof...." In other words, the thirty days runs from the date of service of the notice where the term has already expired.

■ 'In appellant's case, the landlord served the notice to quit in the middle of a term and demanded that appellant vacate the premises within thirty days, which date was in the middle of the next term. Under our interpretation of the Act of 1951, this was improper. Although the landlord in a monthly tenancy can serve a notice to quit prior to the termination of the term, *Hollis and Drysdale, supra,* the landlord cannot under these circumstances require the tenant to vacate in the middle of the next term.

■ Nevertheless, our inquiry does not end here, for the next question which must be addressed is of what effect was the herewithin notice to quit. At common law, a notice to quit which failed to give the tenant the requisite time to vacate was considered to be of no effect in terminating the tenancy, which would continue to run until properly terminated. The Restatement, however, has taken a different position on the matter. The Restatement states:

> In the absence of controlling provisions in the lease ... if the date stated in the notice for termination is not the end of the period, the notice will be effective to terminate the lease at the earliest possible date after the date stated.

Restatement (Second) of Property § 1.5(f).

The reporter's notes to this section make this observation:

> It seems unduly technical to deprive a notice to terminate a periodic tenancy of any legally operative effect if it designates as a date of termination a date on which the tenancy cannot be terminated.

■ We are in agreement with the Restatement's position and we hereby adopt it. As applied to appellant's case, this means that although the notice to quit, delivered on November 8, 1978, was ineffective to terminate the tenancy on the stated date of December 10, 1978, was effective to termi-

nate the periodic tenancy on December 30, 1978, which was the "earliest possible date after the date stated".

This ruling will not affect the verdict and judgment entered in the instant matter, since the Agricultural Society did not file its action for a writ of ejectment until March 3, 1980, and the court did not reach a verdict until November 25, 1980. Therefore, there was no ejectment until well after appellant's term had expired. Accordingly, the verdict and judgment of the court below can be affirmed.

Affirmed.