**In re McGOVERN AUTO SPECIALTY, INC., Debtor.**

**Bankruptcy No. 84–01471G.**

United States Bankruptcy Court, E.D. Pennsylvania.

July 26, 1984.

Robert C. Perry, Philadelphia, Pa., for debtor, McGovern Auto Specialty, Inc.

Geri H. Gallagher, Miller, Turetsky & Rule, Norristown, Pa., for Marilyn Lifson, Rita Lifson and Stanley Rabinowitz, t/a Ram Partnership, movant.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

In deciding whether to grant a creditor's request for relief from the automatic stay imposed by 11 U.S.C. § 362(a) of the Bankruptcy Code ("the Code") we must determine whether the creditor's notice to the debtor of termination of the leasehold was adequate. For the reasons expressed below, we conclude that the notice was sufficient and will enter an order granting relief from the stay.

The facts of the case are as follows:[1] Ram Partnership ("Ram") leased a parcel of improved realty to the debtor in 1982 under a written lease. By March of 1984 the debtor was in default on the three year lease by failing to tender the required monthly rental payments and by that time it had also breached a lease covenant which prohibited manufacturing on the premises. Ram sent the debtor a notice by mail on March 8, 1984, of its intention to terminate the debtor's lease, which notice is reproduced in its essential aspects below.[2] The notice did not specify when the debtor would be required to vacate the premises. Later that day Ram sent the debtor another notice, also duplicated below,[3] which indicated that if the debtor paid "all the rent including penalties ... at once," Ram would allow the debtor to remain on the leasehold on a month to month tenancy, but the debtor failed to comply with this offer. A third notice was sent by Ram on April 12, which is reproduced in substance below,[4] again informing the debtor that the lease was terminated and that it should vacate by the end of that month. The lease provided that the debtor need only be afforded five days notice to vacate. By the first notice of March 8 and the notice of April 12 Ram intended to terminate the lease and that intent was reasonably and clearly expressed in those two notices. The debtor filed a petition for reorganization under chapter 11 of the Code on May 7, 1984, and shortly thereafter Ram instituted the action at bench requesting relief from the stay.

■ The parties agree that the threshold issue is whether the purported termination of the leasehold was effective under Pennsylvania state law. The debtor asserts that the three notices, when construed together, indicate that Ram did not intend to terminate the lease but rather only wished to use the notices as a threat to prompt the debtor into paying the arrearages on the leasehold. We stated above our finding that the Ram's intent as evinced by the notices was to terminate the lease and that that intent was reasonably and clearly expressed in the notices. Thus, the debtor's first assertion is without merit.

■ The debtor's second assertion, which is based on Pa.Stat.Ann. tit. 68, § 250.501[5] (Purdon Supp.1984), is that the

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052 (effective August 1, 1983).

2. Dear [debtor],

March 8, 1984

This is to notify you that we are terminating your Lease of August, 1982 for failure to make rental payments as required by Clause 4 of the Lease.

As you know, the check you gave us in late February for the rent due February 1, 1984 "bounced" and the rent for March, 1984 has never been proffered as of this date. This is the second bounced check we have received from you.

In addition, you are currently using the premises for manufacturing notwithstanding the fact that the Lease limits your use to "office and storage and sale of auto part".

Very truly yours,
RAM

3. Dear [debtor],

March 8, 1984

As you know by certified letter of March 8, 1984, RAM gave you notice of termination of your Lease.

It is not our intention to cause you unnecessary hardship.

Provided you pay all the rent including penalties to us at once, we will be willing to allow you to stay on a month to month basis until you find another place. We expect that you will be able to find a suitable place quickly. All payments you make to us will have to be by certified check.

Very truly yours,
RAM

4. Dear [debtor],

April 12, 1984

As you know, your Lease at 2337 Philmont Avenue, Huntingdon Valley, Pennsylvania, has been terminated by reason of your default in failing to pay your rent and your use of the building in violation of your Lease.

Please vacate the premises immediately. We will give you until the end of April, 1984 to complete your evacuation. If you have not vacated by that time, we will proceed with legal process.

Very truly yours,
RAM

5. § 250.501. Notice to quit

A landlord desirous of repossessing real property from a tenant may notify, in writing, *the*

notices of termination were defective in that they did not specify that the debtor must vacate the premises within fifteen days from the date of the service of the notice of termination. Although the requirement of a fifteen day notice period is expressed in the statute, another provision of that statute clearly states that the parties may agree to reduce that period, and in the case at bench the lease specifically provides that a notice of five days was sufficient.

The fact that the notice of termination does not contain a date certain does not render the notice deficient. *Mercer County Agriculture Society v. Barnhardt*, 313 Pa.Super. 206, 459 A.2d 811 (1983). In *Barnhardt*, the landlord's notice to quit afforded the lessee the requisite notice period to vacate as required by the statute, but the court held that under the terms of the lease the lessee could not be compelled to vacate prior to the end of the first periodic term which transpired after the running of the notice period. The court abrogated the common law rule that a notice to quit which failed to give the tenant the requisite time to vacate was considered ineffectual in terminating the tenancy, which would continue to run until properly terminated. The court adopted the position taken by the *Restatement (Second) of Property* which states in part:

> In the absence of controlling provisions in the lease ... if the date stated in the notice for termination is not the end of a period or is too short a time before the

end of a period, the notice will be effective to terminate the lease at the earliest possible date after the date stated.

*Restatement (Second) of Property* § 1.5, comment f (1977). The reporter's notes to this section, which were quoted by *Barnhardt* state that:

> It seems unduly technical to deprive a notice to terminate a periodic tenancy of any legally operative effect if it designates as a date of termination a date on which the tenancy cannot be terminated.

By analogy to *Barnhardt* we conclude that when the notice to terminate contains no specific date by which the tenant must vacate, that tenant must vacate at the earliest possible time subject to grace periods contained in the lease, the notice, the landlord-tenant statute or other applicable law. Thus, in the case at bench the debtor was required to vacate the premises five days after it received the notice of termination contained in the first letter of March 8. The second letter of that date is of no effect since it was an offer of an accord and satisfaction of the first letter which offer was never accepted by the debtor. By the letter of April 12 Ram had reaffirmed its intent to terminate the lease although it extended the debtor a grace period through the end of that month by which it must vacate. At the close of April 30, 1984, the debtor's right to possession of the leasehold had lapsed and its subsequent filing of a petition for relief under the Code does not alter this result and consequently,

---

*tenant to remove from the same at the expiration of the time* specified in the notice under the following circumstances, namely, (1) Upon the termination of a term of the tenant, (2) or upon forfeiture of the lease for breach of its conditions, (3) or upon the failure of the tenant, upon demand, to satisfy any rent reserved and due.

In case of the expiration of a term or of a forfeiture for breach of the conditions of the lease where the lease is for any term of less than one year or for an indeterminate time, the notice shall specify that the tenant shall remove within thirty days from the date of service thereof, and when the lease is for one year or more, then within three months from the date of service thereof. In case of failure of the tenant upon demand, to satisfy any rent

reserved and due, the notice, if given on or after April first and before September first, shall specify that the tenant shall remove within fifteen days from the date of the service thereof, and if given on or after September first and before April first, then within thirty days from the date of the service thereof.

The notice above provided for may be for a lesser time or may be waived by the tenant if the lease so provides.

The notice provided for in this section may be served personally on the tenant, or by leaving the same at the principal building upon the premises, or by posting the same conspicuously on the leased premises.

Pa.Stat.Ann. tit. 68, § 250.501 (Purdon Supp. 1984).

we will grant Ram's motion for relief from the stay "for cause" under 11 U.S.C. § 362(d)(1).[6]

---

6.    (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
    (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or
    (2) with respect to a stay of an act against property, if—

(A) the debtor does not have an equity in such property; and
(B) such property is not necessary to an effective reorganization.
11 U.S.C. § 362(d).