## Mentzer v. Strayer

*J. McDowell Sharpe,* for plaintiffs.
*Jonathan D. Fenton,* for defendants.

KELLER, *P.J.,* July 28, 1989 — On April 5, 1989 plaintiffs, Gary L. Mentzer and his wife Becky D. Mentzer (hereinafter referred to as landlords) filed an action in ejectment against their tenants, John Strayer and Beverly Dale (hereinafter referred to as tenants). The complaint consisted of two counts. Count I seeks a judgment in ejectment against the tenants. Count II demands judgment for rent due and payable, late charges and damages to the leased premises.

On May 1, 1989, tenants filed preliminary objections in the nature of a petition raising questions of jurisdiction and motions to strike for non-conformity to the Landlord and Tenant Act and to the parties' lease. The matter was listed for the June argument court. Briefs were exchanged and oral arguments were heard on June 1, 1989. This matter is now ripe for disposition.

This litigation arises from the landlords' leasing of their real estate at 1565 Falling Spring Road, Guilford Township, Pennsylvania to the defendants/tenants. The landlords allege a written month-to-month lease between the parties commencing on April 18, 1988. The landlords concede the original lease was lost but allege exhibit B is a true and correct unsigned duplicate. The brief of tenants asserts there was only an oral month-to-month lease which commenced at an unspecified date in April 1988. The landlords allege, and the tenants appear to agree, a notice to quit was served upon them on February 16, 1989 requiring them to move out of the apartment within the next 30 days and that the apartment "be empty by March 16, 1989." The notice cited failure to pay rent and excessive noise as the grounds for the landlords' action.

At oral argument counsel stipulated that the tenants had vacated the premises prior to June 1, 1989.

The tenants assert that the notice to quit served upon them on February 16, 1989 is procedurally defective because the date set for vacation of the premises, i.e., March 16, 1989, was only 28 days after the notice was served. Premised upon this fact, the tenants' preliminary objections seek dismissal of the action due to (1) lack of subject matter jurisdiction; (2) lack of conformity to the Landlord and Tenant Act, 68 P.S. 250.501; (3) lack of conformity to the lease. Tenants' brief concedes that the notice they received

states, "You are hereby notified that you must be out of our apartment within the next 30 days."

Squarely before the court is the issue of whether the notice to quit, which clearly stated that the tenants were to remove themselves from the premises within 30 days, is fatally defective because the calculated date for removal was only 28 days. We find that it is not.

The Landlord and Tenant Act, 68 P.S. 250.501, provides in pertinent part:

"A landlord desirous of repossessing real property from a tenant may notify, in writing, the tenant to remove from the same at the expiration of the time specified in the notice under the following circumstances, namely, (1) upon the termination of a term of the tenant . . . "

Both parties are in agreement that regardless of whether the lease is written or oral, the lease was a month-to-month tenancy for which 30 days' notice was required to terminate the lease. Since this was a month-to-month lease, the applicable Pennsylvania law and the terms of the alleged written lease require the landlords to give 30 days' notice *prior to the termination of the terms of the lease.* (emphasis supplied) In this case, since the lease was month-to-month, the earliest possible date on which the landlords could terminate the lease following the notice served on February 16, 1989, while giving the tenants the required 30 days' interim period was April 1, 1989.

The Superior Court in *Mercer County Agricultural Society v. Barnhardt,* 313 Pa. Super. 206, 459 A.2d 811 (1983), decided a case markedly similar to the instant case. In *Mercer,* the date for termination stated in the notice to quit fell in the middle of the subsequent term rather than at the end of that term. The Superior Court observed that at common law such a notice would be defective and have no effect

upon the termination of the tenancy. As such, the tenancy would continue until properly terminated. The court then abrogated the common-law doctrine and adopted in its stead the Restatement (Second) of Property § 1.5(f) which provides:

"In the absence of controlling provisions in the lease . . . If the date in the notice of termination is not the end of the period, the notice will be effective to terminate the lease at the earliest possible date after the date stated." *Mercer County Agricultural Society,* 313 Pa. Super. at 212-3, 459 A.2d at 815.

The court quoted the Restatement reporter's note to the above section which states:

"It seems unduly technical to deprive a notice to terminate a periodic tenancy of any legally operative effect if it designates as a date of termination a date on which the tenancy cannot be terminated."

The Superior Court's decision in *Mercer* is controlling in the case at bar. Here the tenants were given adequate notice that the landlords desired that they remove themselves from the premises at the earliest possible date. The earliest possible date on which this could occur after the notice of February 16, 1989 was April 1, 1989. To deprive the landlords of their right to terminate this month-to-month tenancy due to the fact that the stated date for the tenants' vacation did not fall 30 days after the notice was served, and did not fall at the end of the next term, is precisely the type of unduly technical common-law restriction that the Superior Court abrogated in *Mercer*.

Furthermore, the purpose of the notice to quit, as explained by our highest court:

"[I]s to give the tenant time to prepare for eviction . . . and further to evidence the fact the landlord is exercising his option to repossess the premises." *Elizabethtown Lodge No. 596 v. Ellis,* 391 Pa. 19, 28, 37 A.2d 286, 290 (1958).

The apparently undisputed facts of this case demonstrate that the time period between the date the notice to quit was served upon the tenants, February 16, 1989, and the date the action in ejectment was commenced, April 5, 1989, was more than sufficient to effect the purposes enumerated.

For the foregoing reasons, we conclude that the tenants' preliminary objections premised upon the failure to comply with the 30-day notice requirement of the Landlord and Tenant Act, *supra,* and the purported written lease, or the oral lease, are without merit.

In addition, we conclude that even if the notice to quit was procedurally defective for purposes of the landlords' action in ejectment, which is now moot by reason of the tenants vacating the leased premises, it would not affect the landlords' cause of action for money damages since Pa.R.C.P. 1020 specifically permits pleading more than one cause of action.

### ORDER OF COURT

Now, July 28, 1989, defendants' preliminary objections are dismissed.

Count I is found to be moot.

Defendants shall file a responsive pleading to count II within 20 days of date.

Exceptions are granted defendants.