## Van Dyke v. Jeffcoat

*John R. White,* for plaintiffs.
*Donald Marritz,* for defendant.

KUHN, *J.,* April 25, 1991—This court has decided to enter this opinion with the attached order because the issues presented in the case sub judice may arise frequently and there does not appear to be any case law on point.

On March 13, 1991, plaintiffs obtained a judgment for money and possession in a landlord-tenant action. On March 28, 1991, the district justice entered an order for possession which was served upon defendant on April 1, 1991. Eviction was scheduled for April 17, 1991.

On April 4, 1991, defendant filed an appeal but did not request a supersedeas. However, on April 16, 1991, defendant filed a motion to quash order for possession alleging that the order for possession was not valid under Pa.R.C.P.D.J. 515. All proceedings were stayed, a rule to show cause was issued, and a hearing was subsequently held on April 19, 1991. Material facts are not in dispute.

Rule 515 of Pa.R.C.P.D.J. provides:

"If the district justice has rendered a judgment that the real property be delivered up to the plaintiff, the plaintiff may, *after* 15 days *after* the date of the judgment, file with the district justice a request for an order for possession. . ." (emphasis supplied)

Defendant argues that this rule requires plaintiff to wait until the 16th day before requesting the order for possession. We agree. The 15th day after judgment was the 28th. Pa.R.C.P.D.J. 203(A). The day "after" the 15th day when the request for an order

of possession could be entered would, therefore, be March 29, 1991. Thus, the order for possession was issued one day prematurely.

Defendant then argues that the order of possession should be vacated because it was issued early. We disagree. Instead, we believe the better approach is to find that the order is unenforceable until the earliest possible effective date permitted in accordance with the rules. *Mercer County Agriculture Society v. Barnhardt,* 313 Pa. Super. 206, 459 A.2d 811 (1983). Rule 516 of Pa.R.C.P.D.J. requires the district justice to have the sheriff or a constable serve the order of possession. Here, the order was served April 1, 1991, which was several days after the date upon which an order could have been properly issued under Pa.R.C.P.D.J. 515. Furthermore, Pa.R.C.P.D.J. 519 provides that "after 15 days after the service of the order for possession" the plaintiff may have the reluctant defendant forcibly evicted. Here, eviction could have occurred on or after April 17, 1991, as originally scheduled.

Therefore, the motion to quash order for possession will be denied.*

However, that decision may be of no consequence because at hearing, defendant orally moved to have her appeal operate as a supersedeas.

---

* This issue having now been decided, for future purposes, anyone filing a motion to quash an order for possession who subsequently files a request that an appeal operate as a supersedeas runs the risk that if the first motion is denied, the landlord will be placed in the position he would have been in on the date he was entitled to possession and the supersedeas will be denied or terminated. We have decided not to take that approach in this case because there was no prior case law on point and eviction would be harsh under the circumstances. Obviously, defendant was seeking, by filing the motion to quash, to remain in the premises pending resolution of her appeal.

Pa.R.C.P.D.J. 1008B provides that an appeal from a judgment for possession of real property shall operate as a supersedeas only if the appellant files with the prothonotary a bond or obtains permission under local rule to pay rental payments becoming due during the common pleas proceedings to be deposited into escrow.

Defendant is proceeding in forma pauperis and seeks permission under Local Rule 12 to pay rent coming due during the pendency of the common pleas proceedings directly to the landlord.

The court has no knowledge of the lease terms except that rent is due on the 1st day of each month in the amount of $360. Defendant proposes to pay $90 per week beginning immediately. If a supersedeas is granted, plaintiffs are not opposed to this payment plan. From March 13, 1991 through April 4, 1991, defendant has paid $180 to plaintiffs toward rent. Allegedly, there was another $90 payment in the mail at the time of hearing. Defendant argues that these payments should be credited to the rental obligation incurred during the pendency of the common pleas proceedings. Plaintiffs contend that any undesignated payments of rent made before the granting of a supersedeas under Pa.R.C.P.D.J. 1008B and Local Rule 12 can and has been applied to unpaid rent due for February and March 1991. For purposes of this discussion, we decline the opportunity to opine where credit should be given.

Instead, we envision one of the principal purposes of Pa.R.C.P.D.J. 1008B and Local Rule 12 to be the guarantee to the landlord of a source of funds insuring payment of rent during that time when he may be entitled to possession but a supersedeas is preventing his possession. Here, the next "rental payment coming due during the proceedings in the court of common pleas" is May 1, 1991. It would be

extremely unfair and violative of the policy considerations of these rules to not require a pro rata share of the rental from the date the supersedeas is granted to the next rental due date. Here, for all practical purposes, a supersedeas began on April 16, 1991. The order shall require a pro rata payment from that date.

## ORDER OF COURT

And now, April 25, 1991, defendant's motion to quash order for possession is denied.

Defendant's oral petition for her appeal to act as a supersedeas is granted until further order of court conditioned, however, upon defendant making rental payments directly to plaintiffs by cash or guaranteed funds as directed below:

(1) The sum of $180 is due for the period April 16 through 30, 1991, of which $90 is payable on or before April 30, 1991, with the balance of $90 payable on or before May 31, 1991. Any sum paid directly to plaintiffs between April 16 and 19, 1991, shall be credited to this rental.

(2) The sum of $360 for each subsequent calendar month payable in no less than four weekly installments of $90 each payable on or before the first four Fridays of each month.

(3) Any payment not received by plaintiffs within four days after it is due shall constitute a breach and entitle plaintiffs to request a rule to show cause why the supersedeas should not be lifted as to plaintiffs' right to possession.